956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Orville YOUPEE, Defendant-Appellant.
 No. 91-30211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Feb. 25, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Youpee appeals his conviction for burglary of a convenience store on the Fort Peck Indian Reservation. He contends that the district court erred when it: (1) reserved a ruling on the admissibility of a prior conviction under Fed.R.Evid. 404(b) until Youpee decided whether to testify; (2) gave a "no adverse inference" instruction to the jury over Youpee's objection; and (3) instructed the jury on reasonable doubt. We reject Youpee's contentions and affirm.
 
 
 3
 * Youpee contends that the court erred when it declined to rule before trial whether it would admit evidence of Youpee's prior burglary conviction under Fed.R.Evid. 404(b). He argues also that the 1985 conviction was inadmissible under that rule.
 
 
 4
 While we have noted that ruling on motions in limine in advance of the trial may be helpful to the parties, we have left the timing of such rulings to the discretion of the district court. United States v. Cook, 608 F.2d 1175, 1186 (9th Cir.1979) (en banc), overruled on other grounds, Luce v. United States, 469 U.S. 38 (1984). The court apparently considered admitting evidence of Youpee's past conviction only for impeachment purposes. It had reason to wait to see if Youpee would testify and did not abuse its discretion by postponing its ruling on the motion.
 
 
 5
 Youpee contends that the district court's failure to rule on the government's Rule 404(b) motion discouraged him from testifying. However, an accused's decision whether to testify seldom turns on the resolution of one factor and a reviewing court may not assume that the adverse ruling motivated a defendant's decision not to testify. Luce v. United States, 469 U.S. 38, 42 (1984).
 
 
 6
 Because the evidence of Youpee's prior conviction was never offered in evidence and the prosecutor made no mention of it, we need not decide whether it would have been admissible.
 
 II
 
 7
 Youpee next argues that the court erred when, after his objection, it instructed the jury that no inference was to be drawn from his failure to testify. In Lakeside v. Oregon, 435 U.S. 333 (1978), the Supreme Court held that giving such a cautionary instruction, even over a defendant's objection, did not violate the Fifth and Fourteenth Amendments.
 
 
 8
 The court's decision to give the instruction over objection is a discretionary one. See id. at 340. Youpee argues that the court failed to exercise its discretion because the judge believed incorrectly that failure to give the instruction would automatically entitle Youpee to a new trial.
 
 
 9
 When an error is not of constitutional magnitude, the government must show that the prejudice resulting from the error was more probably than not harmless. United States v. Browne, 829 F.2d 760, 766 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). The evidence of guilt here was substantial. Even if the judge failed to exercise his discretion, his error had no effect on the trial's outcome. Any prejudice arising from the judge's error was harmless and we reject Youpee's contention.
 
 III
 
 10
 Youpee contends that the court improperly instructed the jury on the definition of reasonable doubt. The court told the jury:
 
 
 11
 A reasonable doubt is a fair doubt, based upon reason and common sense. This does not mean, however, that you must be convinced of a defendant's guilt to an absolute or mathematical certainty, for there are few things in life of which we can be absolutely certain. What it means, rather, is that you must be persuaded of the defendant's guilt as you would want to be persuaded about the most important concerns in your life. A reasonable doubt, in other words, does not mean a mere possibility that the defendant may be innocent, nor does it mean a fanciful or imaginary doubt or a doubt based upon groundless conjecture. In short, a reasonable doubt does NOT mean a doubt for the sake of doubting. What it means, rather, is an actual and substantial doubt having some reason for its basis. However, a defendant is never to be convicted on mere suspicion or conjecture.
 
 
 12
 A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is always upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution.
 
 
 13
 A reasonable doubt exists in any case when, after careful and impartial consideration of all the evidence in the case, the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge. (emphasis added).
 
 
 14
 In Cage v. Louisiana, 111 S.Ct. 328 (1990) (per curiam), the Supreme Court held that an instruction substantially similar to the one used here violated the defendant's rights under the Due Process Clause. The Court said that the word "substantial" "suggest[s] a higher degree of doubt than is required for acquittal under the reasonable doubt standard." Id. at 329-330. The Court also objected to the instruction's "reference to 'moral certainty,' rather than evidentiary certainty." Id. at 330. In our view, the instruction given in this case, like the instruction given in Cage, violated the defendant's right to due process.
 
 
 15
 Because Youpee did not object to the instruction at trial, however, we review for plain error. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). To constitute plain error, "[i]t must be highly probable that the error materially affected the verdict." Id. at 1103.
 
 
 16
 The evidence of Youpee's guilt was overwhelming. Three weeks before the burglary, he remarked that the convenience store's safe contained a lot of cash. At that time, he convinced his codefendant to commit the crime and split the cash. On the night of the burglary, a car matching Youpee's was seen leaving the convenience store. Cleated footprints matching his shoes were found in three places: at the scene of an arson allegedly set to distract the authorities from the burglary; where the stolen safe was recovered; and near the rear passenger door of Youpee's car, while it was parked outside his sister's home. Tools found inside of Youpee's car were used to pry open the safe.
 
 
 17
 Because the evidence of guilt was overwhelming, the faulty instruction did not constitute plain error.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3