## CAGE v. LOUISIANA

No. 89–7302.   Decided November 13, 1990

PER CURIAM.

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.

In state criminal trials, the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U. S. 358, 364 (1970); see also *Jackson* v. *Virginia*, 443 U. S. 307, 315–316 (1979).   This reasonable-doubt standard "plays a vital role in the American

scheme of criminal procedure." *Winship*, 397 U. S., at 363. Among other things, "[i]t is a prime instrument for reducing the risk of convictions resting on factual error." *Ibid.* The issue before us is whether the reasonable doubt instruction in this case complied with *Winship*.

Petitioner was convicted in a Louisiana trial court of first-degree murder and was sentenced to death. He appealed to the Supreme Court of Louisiana, arguing, *inter alia*, that the reasonable-doubt instruction used in the guilt phase of his trial was constitutionally defective. The instruction provided in relevant part:

> "If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty*." 554 So. 2d 39, 41 (La. 1989) (emphasis added).

The Supreme Court of Louisiana rejected petitioner's argument. The court first observed that the use of the phrases "grave uncertainty" and "moral certainty" in the instruction, "if taken out of context, might overstate the requisite degree of uncertainty and confuse the jury." *Ibid.* But "taking the charge as a whole," the court concluded that "reasonable persons of ordinary intelligence would understand

the definition of 'reasonable doubt.'" *Ibid.* It is our view, however, that the instruction at issue was contrary to the "beyond a reasonable doubt" requirement articulated in *Winship*.

In construing the instruction, we consider how reasonable jurors could have understood the charge as a whole. *Francis* v. *Franklin*, 471 U. S. 307, 316 (1985). The charge did at one point instruct that to convict, guilt must be found beyond a reasonable doubt; but it then equated a reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," and stated that what was required was a "moral certainty" that the defendant was guilty. It is plain to us that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. When those statements are then considered with the reference to "moral certainty," rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.*

Accordingly, the judgment of the Supreme Court of Louisiana is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

---

*Similar attempts to define reasonable doubt have been widely criticized by the Federal Courts of Appeals. See, *e. g.*, *Monk* v. *Zelez*, 901 F. 2d 885, 889–890 (CA10 1990); *United States* v. *Moss*, 756 F. 2d 329, 333 (CA4 1985); *United States* v. *Indorato*, 628 F. 2d 711, 720–721 (CA1 1980); *United States* v. *Byrd*, 352 F. 2d 570, 575 (CA2 1965); see also *Taylor* v. *Kentucky*, 436 U. S. 478, 488 (1978).