MARCUS, Justice.
Ellis Guillot was tried by a jury for aggravated rape in March, 1978. The jury instruction on reasonable doubt provided:
If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant’s guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused. This doubt must be a reasonable one; this is, one that is founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds by reason of the unsatisfactory character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant’s guilt. If, after giving a fair and impartial consideration to all of the facts in this case, you find the evidence unsatisfactory upon any single point indispensably necessary to constitute defendant’s guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of not guilty. •
The prosecution must establish guilt by legal and sufficient evidence beyond a reasonable doubt, but the rule does not go further and require a preponderance of testimony. It is encumbent upon the State to prove the offense charged, or legally included in the Information, to your satisfaction and beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason, [emphasis added].
The defense objected to this instruction. On March 17, 1978, the jury returned a verdict of guilty of the lesser included offense of forcible rape. Guillot was subsequently sentenced to forty years at hard labor. On April 16, 1980, this court summarily affirmed the conviction and sentence. 383 So.2d 1264 (La.1980). On November 13, 1990, the United States Supreme Court handed down Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1991), which reversed our opinion in State v. Cage, 554 So.2d 39 (La.1989). The Court found an instruction equating reasonable doubt with a “grave uncertainty” and an “actual substantial doubt” and stating that what was required was a “moral certainty” that the defendant was guilty, was constitutionally defective. On March 26, 1991, Guillot filed an application for post-conviction relief, alleging that the reasonable doubt jury charge given at his trial was nearly identical to the charge in Cage, and seeking retroactive application of that decision. The trial judge granted the application for post-conviction relief on April 22, 1991. On May 6, 1991, this court decided State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, — U.S.-, 112 S.Ct. 211, *1306 116 L.Ed.2d 170 (1991), on remand from the Supreme Court, in which we determined the erroneous instruction under Cage was subject to the harmless error analysis. As a result of this decision, the. trial judge requested additional briefs from the parties. On June 21, 1991, the trial judge found the Cage error in Guillot’s case was not harmless error, and again granted post-conviction relief. Upon the state’s application, we granted the writ and ordered it consolidated with State ex rel. Henry Lee Taylor v. John P. Whitley, Warden, Louisiana State Penitentiary.[1]
For the reasons assigned in State ex rel. Henry Lee Taylor v. John P. Whitley, Warden, Louisiana State Penitentiary,[2] handed down this date, we find the trial judge erred in granting post-conviction relief.[3]
DECREE
For the reasons assigned, the judgment of the district court granting defendant’s application for post-conviction relief is reversed.
CALOGERO, C.J., concurs and assigns reasons.
LEMMON, J., concurs and will assign reasons.
DENNIS, J., dissents with reasons.

. 595 So.2d 642 (La.1992).

. 606 So.2d 1292 (La.1992).

. Guillot contends his case should be governed by La.Code Crim.P. art. 930.8, enacted in 1990, which provides in pertinent part:
Art. 930.8 Time Limitations; exceptions; prejudicial delay
A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 1991.
(4) The person asserting the claim has been sentenced to death.
He argues that since his application was filed before October 1, 1991, this article applies and he should be entitled to post-conviction relief. We agree that Guillot's application has been timely filed under La.Code Crim.P. art. 930.-8(A)(3). However, such a finding does not automatically entitle him to post-conviction relief. La.Code Crim.P. art. 930.8 is simply a rule of timeliness; it does not govern the substantive law of retroactivity. Further, we note that a non-capital defendant outside of the three year period who does not fall under subsection three and who attempts to fall under the exception provided in subsection two must establish that "a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law” is "retroactively applicable to his case” in order for his application to be considered timely.