23745

The STATE, Respondent v. Thomas W. BAKER, Appellant.

(424 S.E. (2d) 492)

Supreme Court

*David E. Taylor*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Generals Harold M. Coombs, Jr.,* and *Miller Shealy, Jr.,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard Nov. 4, 1992.

Decided Nov. 30, 1992.

MOORE, Justice:

Appellant was convicted in magistrate's court of driving under the influence. His conviction was affirmed on appeal by the circuit court. The sole issue on appeal is whether the trial judge erred in defining reasonable doubt in his jury charge. We reverse.

In charging the jury, the trial judge stated:

> I must at this time charge you with what is a reasonable doubt. A reasonable doubt is a doubt for which you can assign a reason. *It is a doubt arising from the evidence presented or lack of evidence that created a strong uncertainty in your minds as to the defendant's guilty* [*sic*]. (Emphasis added.)

Appellant contends that this language violated his due process rights. We agree. In *State v. Manning*, 305 S.C. 413, 409 S.E. (2d) 372 (1991) (applying *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed. (2d) 339 (1990) ), this Court held that a reasonable doubt charge is erroneous if it could cause a reasonable juror to interpret the charge to allow a finding of guilt based on a degree of proof below that required by the due process clause. We hold that this charge is erroneous. Accordingly, the order of the circuit court is

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.