STATE OF NORTH CAROLINA v. DAVID STEVEN HARPER

No. 935SC21

(Filed 16 November 1993)

## Criminal Law § 762 (NCI4th)— reasonable doubt instruction— moral certainty—honest, substantial misgiving—error

The trial court's instructions on reasonable doubt amounted to plain error entitling defendant to a new trial where the court used the terms "moral certainty" and "honest, substantial misgiving" in its instructions, since those terms suggested a higher degree of doubt than was required for acquittal under the reasonable doubt standard.

**Am Jur 2d, Trial § 832.**

Appeal by defendant from judgments entered 11 August 1992 by Judge William C. Griffin in New Hanover County Superior Court. Heard in the Court of Appeals 4 October 1993.

Defendant was convicted of first degree burglary, first degree rape and first degree sex offense. The jury found defendant guilty of all charges, and he was sentenced to two consecutive life sentences plus fifty years for the burglary conviction.

The State's evidence showed the following. The victim testified that in the early morning hours of 2 August 1991 she and her two year old son were in bed together asleep. She woke up at approximately 1:30 or 2:00 a.m. because someone was on top of her. When the victim tried to push the person off, he began beating her in the head. She yelled for help and was told to shut up. The person asked if she had any money, and when she responded that she had only three or four dollars, he began beating her in

the head again. He then took off her underwear and performed oral sex on her and forced her to perform oral sex on him.

The victim's son woke up and started crying. The assailant hit the victim again and told her to make her son be quiet or he would kill her. She asked him if she could fix a bottle so that her son would go back to sleep. The assailant held her arms behind her, and she felt a cold object against her head. He told her if she screamed or anything "I will blow your head off."

After fixing her son's bottle, the victim laid on the couch with him. The assailant came up behind her and hit her in the head again. She turned as he threatened her again and saw his face. Hitting her again, he told her to turn around or he would kill her.

Her son was still crying, so the victim took him back to his room and laid on the floor with him. The assailant performed oral sex on her for a second time and had intercourse with her. Then he put a sheet over her and her son and told her not to move. After a few minutes had passed, she got up and drove to the hospital. She received stitches in several places on her head and was given one or two shots. She stayed in the emergency room for approximately four hours.

*Attorney General Michael F. Easley, by Assistant Attorney General D. David Steinbock, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

ARNOLD, Chief Judge.

Defendant's first assignment of error is that the trial court erred in its instructions on reasonable doubt. The trial court's instructions on reasonable doubt were as follows:

A reasonable doubt is not a vain, imaginary or fanciful doubt. It is a sane, rational doubt arising out of the evidence or the lack of evidence or from the deficiency of the evidence, as the case may be.

When it is said that the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that they must be fully satisfied or entirely convinced or satisfied to a *moral certainty* of the truth of the charge.

If after considering, comparing and weighing all of the evidence the minds of the jurors are left in such a condition that they cannot say that they have an abiding faith to a *moral certainty* in the defendant's guilt; then they have a reasonable doubt. Otherwise not.

A reasonable doubt, as that term is employed in the administration of criminal law, is an *honest, substantial misgiving* generated by an insufficiency of proof, an insufficiency which fails to convince your judgment and conscience and satisfy your reasoning as to the guilt of the accused.

It is not a doubt suggested by the ingenuity of lawyers or by the jury's own ingenuity which is not legitimately warranted by the testimony. It is not a doubt born of merciful inclination or disposition to permit the defendant to escape the penalty of the law or prompted by sympathy for a defendant or those who may be connected with him.

(Emphasis added.) Defendant equates the trial court's instruction on reasonable doubt to the instruction given in *State v. Montgomery*, in which the majority held that the trial court's reasonable doubt instruction violated the requirements of the Due Process Clause as interpreted by the United States Supreme Court in *Cage v. Louisiana*, 498 U.S. 39, 112 L.Ed.2d 339 (1990) (per curiam). *State v. Montgomery*, 331 N.C. 559, 417 S.E.2d 742 (1992). The trial court in *Montgomery* used the terms "substantial misgiving" and "moral certainty" in combination with its reasonable doubt instruction, thereby suggesting a higher degree of doubt than is required for acquittal under the reasonable doubt standard. *Id.* Although the defendant in *Montgomery* failed to object to the instruction, the Court nevertheless held that the issue was properly preserved for appellate review because defendant's written request for the pattern jury instruction on reasonable doubt, N.C.P.I. — Crim. 101.10 (1974), met the requirements of Appellate Rule 10(b)(2). *Id.*

This issue has since been addressed again by our Supreme Court in *State v. Bryant*, 334 N.C. 333, 432 S.E.2d 291 (1993). Recognizing that only two Justices in the majority reached the issue of the constitutionality of the reasonable doubt instruction, the Court did not consider *Montgomery* to be binding precedent. *Id.* The Court nevertheless held that the trial court's instruction, which was essentially identical to the reasonable doubt instruction in *Montgomery*, violated *Cage. Id.* Like defendant in the case at

bar, however, the defendant in *Bryant* failed to object to the instruction at trial; therefore, the State argued that the alleged infirmity in the instruction must be addressed in terms of "plain error." *Id.* at 339, 432 S.E.2d at 295. The plain error rule as set forth in *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983) states:

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*Id.* at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted) (emphasis in original) ). In light of the plain error analysis with regard to the reasonable doubt instruction at issue, the Court stated that "*Cage* error is fundamental error. A jury verdict rendered in violation of *Cage* is not a jury verdict within the meaning of the Sixth Amendment. *Sullivan v. Louisiana*, --- U.S. at ---, 124 L.Ed.2d at 188. Clearly, convicting a person of first-degree murder in violation of *Cage* meets the test of plain error." *Bryant*, 334 N.C. at 340, 432 S.E.2d at 295. The defendant therefore was entitled to a new trial based on the *Cage* error. *See also, State v. Williams*, 334 N.C. 440, 434 S.E.2d 588 (1993) (citing *Bryant* with approval).

The reasonable doubt instruction stated above is virtually identical to the instructions given in *Bryant, Montgomery* and *Cage*. And even though defendant failed to object to the instruction, we are bound by these cases and must say, according to our Supreme Court, that there is plain error, and defendant is entitled to a new trial.

New Trial.

Judges WYNN and JOHN concur.