hCALOGERO, Chief Justice,
assigns additional concurring reasons.
In ruling on petitioner’s transferred application, the district court should consider the unique circumstances of this case.
Less than five years have passed since this Court first addressed the validity of petitioner’s conviction and sentence of death on direct appeal. State v. Cage, 554 So.2d 39 (La.1989), rev’d sub nom. Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). During much of this time, petitioner had continuously litigated the constitutionality of the trial court’s jury instruction on reasonable doubt and its impact on his trial. Sullivan v. Louisiana, 508 U.S. —, 113 S.Ct. 2078,124 L.Ed.2d 182 (1993), has vindicated petitioner’s claim that the due process error committed by the trial judge was of such a fundamental, structural nature that it is not subject to harmless-error analysis. Petitioner’s present motion therefore asks simply and with compelling urgency, in view of the fact that he remains condemned to death, why he, more than anyone else, should not be given the benefit of his own decision in Cage v. Louisiana according to the explanatory gloss placed on it by Sullivan v. Louisiana. As I have no ready answer to that question, it appears to me that the interests of justice require reexamining the constitutional validity of petitioner’s conviction.