William A. MORLEY, Appellant,

v.

Donald B. STENBERG, Attorney General of the State of Nebraska, Appellee.

Ronald L. MORLEY, Appellant,

v.

Donald B. STENBERG, Attorney General of the State of Nebraska, Appellee.

Nos. 93–3247, 94–1146.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided June 1, 1994.

Donald A. Kohtz, Lincoln, NE, (J. Kirk Brown, Asst. Atty. Gen., on the brief), for appellant.

Dalton W. Tietjen, Lincoln, NE, for appellee.

Before McMILLIAN, WOLLMAN, Circuit Judges, and NANGLE, Senior District Judge.*

NANGLE, Senior District Judge.

Ronald L. Morley and William A. Morley were convicted for attempted burglary in the district court of Lancaster County, Nebraska. On direct appeal to the Supreme Court of Nebraska, the Morleys contested the reasonable doubt jury charge employed by the state, NJI 14.08, arguing the charge improperly stated the state's burden of proof under the United States Supreme Court holding in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct.

---

* The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

328, 112 L.Ed.2d 339 (1990) (per curiam).[1] The Nebraska Supreme Court held NJI 14.08 to be proper under the *Cage* decision and upheld the Morleys' convictions. *State v. Morley,* 239 Neb. 141, 474 N.W.2d 660, 668–70 (1991).

The Morleys then sought habeas corpus relief from the United States District Court for the District of Nebraska, pursuant to 28 U.S.C. § 2254, contending that the reasonable doubt instruction violated their Fifth and Fourteenth Amendment right to due process of law by misleading the jury on the meaning of "reasonable doubt" and creating the likelihood that the jury could convict on constitutionally insufficient proof. The District Court granted the Morleys habeas relief, adopting the Magistrate Judge's findings (1) that NJI 14.08 misstated the degree of certainty or doubt needed to convict or acquit and (2) that, under the facts of the case, it was reasonably likely that the jury actually misapplied the instruction to require a lower burden of proof for conviction. *Morley v. Stenberg,* 828 F.Supp. 1413 (D.Neb.1993). The Attorney General of the State of Nebraska appeals this grant of habeas relief, contending that NJI 14.08 is constitutionally sufficient. In light of the recent United States Supreme Court decision in *Victor v. Nebraska,* —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), we agree with the Attorney General, and reverse.

In the Morleys' criminal trial, the Nebraska trial court charged the jury on reasonable doubt as follows:

"Reasonable doubt" is such a doubt as would cause a reasonable and prudent man, in one of the graver and more important transactions of life, to pause and hesitate before taking the represented facts as true and relying and acting thereon. It is such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, **to a moral certainty,** of the guilt of the accused. At the same time, absolute or mathematical certainty is not required.

You may be convinced of the truth of a fact beyond reasonable doubt and yet be fully aware that possibly you may be mistaken. The jury may find an accused **guilty upon the strong probabilities** of the case, provided such probabilities are strong enough to exclude any doubt of his guilt that is reasonable. **A reasonable doubt is an actual and substantial doubt** reasonably arising from the evidence, from the facts and circumstances shown by the evidence, or from the lack of evidence on the part of the State, as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.

NJI 14.08 (emphasis added).

The Morleys argue that this instruction, taken as a whole, misstates the burden of proof that the State must meet to warrant a conviction. They point to three particular portions of the instruction that they claim create jury confusion: (1) the equation of "reasonable doubt" with "substantial doubt"; (2) the reference to "moral certainty" in the definition of reasonable doubt; and (3) the reference to "strong probabilities" in the definition of reasonable doubt. The Morleys contend that these three aspects of NJI 14.08 make the Nebraska instruction functionally identical to the reasonable doubt instruction deemed unconstitutional in *Cage,* and thus render NJI 14.08 equally unconstitutional under the *Cage* decision.

The *Cage* Court considered and rejected a Louisiana reasonable doubt instruction that read as follows:

If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish that guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and con-

---

**1.** The United States Supreme Court issued the *Cage* decision during the pendency of the Morleys' appeal, and the Supreme Court of Nebraska granted the Morleys leave to supplement their

original appellate arguments with an argument on the constitutionality of the reasonable doubt instruction.

jecture. **It must be such doubt as would give rise to a grave uncertainty,** raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. **It is an actual substantial doubt.** It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a **moral certainty.**

*Cage,* 498 U.S. at 40, 111 S.Ct. at 329 (citing *State v. Cage,* 554 So.2d 39, 41 (La.1989) (emphasis added)). The Court held that a reasonable juror could have interpreted this instruction "to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause," noting that the words "grave" and "substantial" suggest a higher degree of doubt than "reasonable," and that in conjunction with the concept of "moral certainty" the charge becomes impermissibly confusing. *Id.*

The Morleys contend and the District Court held that an instruction need not parrot the *Cage* instruction word for word to be unconstitutional under the *Cage* rationale. *Morley v. Stenberg,* 828 F.Supp. 1413 (D.Neb.1993) (citing R & R at 7). Rather, the District Court identified the relevant inquiry under the Due Process Clause as "whether the challenged language tends to overstate the degree of doubt required to acquit or understate the degree of certainty required to convict." *Id.* (citing R & R at 12). The District Court then held that the use of the phrases "moral certainty," "substantial doubt," and "strong probabilities" created the same potential for jury confusion as found in *Cage* and that, under *Cage,* NJI 14.08 was unconstitutional. *Id.* (citing R & R at 15).

Since the District Court issued its opinion, however, the United States Supreme Court has considered NJI 14.08, the precise jury charge at issue, and has deemed the charge constitutional under *Cage.* In *Victor v. Nebraska,* — U.S. —, 114 S.Ct. 1239, 127

L.Ed.2d 583 (1994), the Supreme Court distinguished NJI 14.08 from the *Cage* instruction, holding that the particular wording of NJI 14.08 eliminates the ambiguities caused by the problematic phrases in *Cage. Id.* at ———, 114 S.Ct. at 1250–51.

The *Victor* Court addressed the precise phrases contested by the Morleys in the case at bar: (1) "substantial doubt"; (2) "moral certainty"; and (3) "strong probabilities." The Court noted the propensity these phrases have to mislead a jury as to the proper burden of proof in a criminal case, describing "substantial doubt" as a potentially ambiguous phrase, *id.* at —, 114 S.Ct. at 1250, and "moral certainty" as misleading in the abstract, *id.* In the context of NJI 14.08, however, the *Victor* Court found that these phrases take on a meaning that properly depicts reasonable doubt. By contrasting "substantial doubt" with "bare imagination" or "fanciful conjecture," the Court found that the term "substantial doubt" addressed the existence of a doubt as opposed to the degree of the doubt's magnitude. *Id.* The Court noted that NJI 14.08 requires the jury to possess an "abiding conviction" of the defendant's guilt, thus removing ambiguities the phrase "moral certainty" might have in the abstract. *Id.* Finally, the Court looked at the sentence in which the phrase "strong probabilities" appears, and held that the requirement that "such probabilities are strong enough to exclude any doubt of his guilty that is reasonable," NJI 14.08, appropriately requires the jury to acquit on a reasonable doubt. *Id.* at —, 114 S.Ct. at 1251. As a result, the overall impact of NJI 14.08 does not misstate the law and is unlikely to mislead a jury into convicting on a lessened burden of proof. *Id.* at ———, 114 S.Ct. at 1250–51.[2]

The holding in *Victor* directly disposes of the case at bar. The *Victor* Court rejected the precise constitutional challenges raised by the Morleys against NJI 14.08, and found the language in NJI 14.08, taken as a whole,

**2.** The *Victor* Court also held that NJI 14.08's "alternative definition" of reasonable doubt, describing reasonable doubt as doubt causing a reasonable person to hesitate before acting, helped to neutralize any misleading effects the contested phrases might have had upon the jury.

*Victor,* — U.S. at —, 114 S.Ct. at 1250–51. This Court follows the *Victor* Court's reasoning that while no one phrase alone renders NJI 14.08 constitutional or unconstitutional, the instruction as a whole adequately describes the reasonable doubt requirement.

distinguishable from that deemed unconstitutional in *Cage.* Accordingly, we reverse the District Court and hold the Morleys' habeas challenge to NJI 14.08 to be meritless.

We note our agreement with the *Victor* Court's disapproval of the language employed in NJI 14.08. While in this instance the context of the contested phrases renders them constitutional, the *Cage* decision clearly indicates that the use of such phrases places an instruction in grave danger of invalidation. *See Cage,* 498 U.S. 39, 111 S.Ct. 328. It is unwise for a trial court to risk remand and retrial by using a questionable reasonable doubt instruction in the face of clear Supreme Court disfavor for certain phrases and the myriad of appropriate instructions that avoid those phrases. In a concurring opinion to *Victor,* Justice Ginsburg argues for uniformity in jury charges on the reasonable doubt requirement, a suggestion in which we wholeheartedly join. *Victor,* —— U.S. at ——, 114 S.Ct. at 1253 (Ginsburg, J., concurring).

In accordance with the above discussion, we reverse the district court's judgment and deny the Morleys' request for habeas corpus relief.