STATE v. RITCHIE

[117 N.C. App. 728 (1995)]

STATE OF NORTH CAROLINA v. STEVEN GEORGE RITCHIE

No. 9324SC954

(Filed 7 February 1995)

**Criminal Law § 762 (NCI4th)— reasonable doubt—instruction using moral certainty and substantial misgiving**

The trial court's instruction on reasonable doubt which included the terms "moral certainty" and "honest substantial misgiving" did not violate due process.

**Am Jur 2d, Trial § 1385.**

Appealed by defendant from judgment entered 17 August 1993 by Judge Edward K. Washington in Watauga County Superior Court. Originally heard in the Court of Appeals 28 March 1994 and our Court first issued an opinion in this matter 21 June 1994. The State's petition for discretionary review pursuant to North Carolina General Statutes § 7A-31 (1989) was allowed by the Supreme Court which by order dated 8 September 1994 vacated the opinion of this Court and remanded the case to the Court of Appeals for reconsideration. Reconsidered in the Court of Appeals 5 January 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Robert T. Hargett, for the State.*

*Vincent L. Gable for defendant-appellant.*

PER CURIAM.

This case has been remanded to our Court for our reconsideration in light of our Supreme Court's opinion in *State v. Bryant*, 337 N.C. 298, 446 S.E.2d 71 (1994) (*Bryant II*). Our initial opinion in this matter was reported at 115 N.C. App. 399, 445 S.E.2d 92 (1994) (unpublished). We briefly review the facts of this case.

Defendant was observed by Highway Patrol Trooper Kevin Bray operating a motor vehicle and was subsequently pulled over. Trooper Bray placed defendant under arrest for driving while impaired and transported defendant to the Watauga County Law Enforcement Center. At the Center, defendant performed a number of sobriety tests unsatisfactorily. Defendant was ultimately convicted following a jury trial of driving while impaired and appealed to our Court.

On appeal, we found that the trial court erred in its comments regarding reasonable doubt, pursuant to *Cage v. Louisiana*, 498 U.S. 39, 112 L.Ed.2d 339 (1990) and *State v. Bryant*, 334 N.C. 333, 432 S.E.2d 291 (1993) (*Bryant I*). However, because of our Supreme Court's reconsideration of this issue in *Bryant II* in light of *Victor v. Nebraska*, ––– U.S. –––, 127 L.Ed.2d 583 (1994), we now reconsider this matter.

*In Bryant II*, our Supreme Court noted that

the [U.S. Supreme] Court in *Victor* acknowledged the distinction drawn in *Cage* between "moral certainty" and "evidentiary certainty." *Victor*, 511 U.S. at –––, 127 L.Ed.2d at 596. The Court stated, however, that in *Cage*, "the jurors were simply told that they had to be morally certain of the defendant's guilt; there was nothing else in the instruction to lend meaning to the phrase." *Id.* In *Victor*, the jury was explicitly told to base its conclusion on the evidence in the case, and there were other instructions which reinforced this message.

Likewise, in the present case, the jury was instructed that a reasonable doubt existed "if, *after considering, comparing and weighing all the evidence*, the minds of the jurors are left in such condition that they cannot say they have an abiding faith to a moral certainty in the defendant's guilt." The jury was also instructed that a reasonable doubt is "a sane, rational doubt *arising out of the evidence or lack of evidence* or from its deficiency" and that it is "an honest substantial misgiving generated by the *insufficiency of the proof.*" We therefore conclude that, under *Victor*, "there is no reasonable likelihood that the jury would have understood moral certainty to be disassociated from the evidence in the case." *Victor*, 511 U.S. at –––, 127 L.Ed.2d at 597. Thus, on remand, we hold, contrary to our previous decision in this case, that there is no *Cage* error entitling defendant to a new trial. *Id.*

337 N.C. at 306-07, 446 S.E.2d at 76.

The trial court in *Bryant* gave an instruction which was in pertinent part the exact language offered in the instant case. Therefore, as in *Bryant II*, on remand, we hold that there has been no *Cage* error in this matter entitling defendant to a new trial.

STATE v. RITCHIE

[117 N.C. App. 728 (1995)]

Defendant's remaining assignments of error all concern the trial court's comments to the jury during the instruction phase and the deliberation phase of the trial. We have carefully reviewed these assignments of error and have found them to be without merit.

No error.

Panel consisting of:

JOHNSON, EAGLES and COZORT