# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY SESSION, 1997

| | | |
|---|---|---|
| KENNETH CULP, | ) | C.C.A. NO. 02C01-9608-CC-00268 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FILED**

**July 24, 1997**

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY

FOR THE APPELLANT:

KENNETH CULP, PRO SE
Route 1, Box 330
Tiptonville, TN 38079-9775

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

ELIZABETH RICE
District Attorney General
302 Market Street, P.O. Box 562
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Kenneth Culp, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Petitioner filed a pro se petition for post-conviction relief on June 6, 1996. On June 14, 1996, the trial court dismissed the petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations.[1] We affirm the judgment of the trial court.

On October 21, 1992, the Petitioner was convicted by a Lauderdale County jury of the sale of cocaine, a schedule II controlled substance. He was sentenced as a Range III persistent offender to thirteen years imprisonment with the Department of Correction. A panel of this Court affirmed his conviction on February 2, 1994. See State v. Kenneth Culp, C.C.A. No. 02C01-9307-CC-00133, Lauderdale County (Tenn. Crim. App., Jackson, Feb. 2, 1994). The Petitioner did not file for permission to appeal to our supreme court.

On June 6, 1996, the Petitioner filed a petition for post-conviction relief which is the subject of the case sub judice. In the petition, he argued that his trial counsel rendered ineffective assistance, that the trial court erred in refusing to allow impeachment of a witness with evidence of prior criminal convictions, and that the jury instruction on reasonable doubt was unconstitutional. The trial court found that the petition was barred by the statute of limitations and dismissed it

---

[1] See Tenn. Code Ann. § 40-30-202 and -206(b) (Supp. 1996).

without conducting an evidentiary hearing.[2] It is from the trial court's order of dismissal that the Petitioner appeals.

The Petitioner contends that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). At the time the new Act took effect, the previous three-year statute of limitations had not expired for the Petitioner.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Because the previous three-year statute of limitations had not expired for

---

[2] It appears from the order of dismissal that the trial court cited incorrect dates in determining whether the petition for post-conviction relief was barred by the statute of limitations. The Petitioner has several convictions other than the one challenged in this petition. The trial court cited the applicable dates from the Petitioner's conviction for escape rather than for the sale of cocaine. It is clear, however, that the Petitioner is challenging his cocaine conviction. Because all of the relevant information pertaining to the cocaine conviction is contained within the record, we are able to consider the Petitioner's appeal from the order of dismissal. Although the trial judge cited incorrect dates in arriving at his decision to dismiss the petition, we conclude that his determination that the petition was barred by the statute of limitations was nevertheless correct.

the Petitioner at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act. See Betsy Jane Pendergrast v. State, C.C.A. No. 01C01-9607-CC-00289, Rutherford County (Tenn. Crim. App., Nashville, May 17, 1997); cf. Doyle Carter v. State, C.C.A. No. 01C01-9511-CC-00398, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Wallace Butler v. Ricky Bell, Warden, C.C.A. No. 02C01-9510-CC-00297, Fayette County (Tenn. Crim. App., Jackson, Nov. 19, 1996); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App., Jackson, Dec. 2, 1996).

As a result, the Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. See Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3); Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). He filed his petition for post-conviction relief on June 6, 1996, shortly after the expiration of the one-year period. Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations.

In addition, we point out that one of the Petitioner's contentions in his petition for post-conviction relief, that the trial court erred in refusing to allow impeachment of the undercover agent involved in the drug sale with evidence of prior criminal convictions, was raised on direct appeal to this Court. See Culp, C.C.A. No. 02C01-9307-CC-00133, slip op. at 2. That issue was fully addressed on direct appeal and was found to be without merit. Id. at 2-3. As a result, we

conclude that the Petitioner's challenge to the trial court's evidentiary ruling was previously determined. See Tenn. Code Ann. § 40-30-206(h) (Supp. 1996).

The Petitioner argues in the alternative that if his petition was barred by the statute of limitations, his claim that the jury instruction on reasonable doubt was unconstitutional fits within an enumerated exception to the one-year statute of limitations. The relevant statutory provision provides an exception to the one-year statute of limitations where the "claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required." Tenn. Code Ann. § 40-30-202(b)(1) (Supp. 1996). The provision does, however, require that any petition asserting such a claim be filed within one year of the ruling of the highest state appellate court or the United States Supreme Court establishing the constitutional right. Id.

The Petitioner's contention that the jury instructions at his trial were unconstitutional focuses on "moral certainty" language included in the instruction on reasonable doubt. According to the petition for post-conviction relief, the jury was instructed as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability after such investigation to let the mind rest easily upon the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required and this certainty is required as to every proposition of proof requisite to constitute the offense.[3]

---

[3] We note that the actual jury instruction is not included in the record. The quoted instruction comes from the petition for post-conviction relief and the memorandum filed in support of it.

He contends that equating "moral certainty" with "beyond a reasonable doubt" violated his due process rights by impermissibly lowering the State's burden of proof as to his guilt.

The Petitioner cites several cases in support of his argument that the reasonable doubt jury instruction was unconstitutional. Among those cases are Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), and Rickman v. Dutton, 864 F.Supp. 686 (M.D. Tenn. 1994). He argues that this line of cases established a new constitutional principle that jury instructions such as the one given in his case violate due process guarantees. As a result, he contends that his challenge to the jury instruction fits within the exception to the statute of limitations listed at Tennessee Code Annotated section 40-30-202(b)(1).

It is true that the United States Supreme Court has been critical of the continued use of the "moral certainty" language in reasonable doubt jury instructions. See Victor, 114 S.Ct. at 1248. Yet, neither the United States Supreme Court nor any Tennessee state court has held that a reference to "moral certainty" within a reasonable doubt jury instruction is per se unconstitutional. Rather, courts must look to the entire charge to determine if the "moral certainty" language was placed in a context in which the jury would understand that the phrase meant certainty with respect to human affairs. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994). We therefore do not believe that the Cage and Victor line of cases establishes a new constitutional rule for purposes of

-6-

Tennessee Code Annotated section 40-30-202(b)(1).  See <u>Charles Walton Wright v. State</u>, C.C.A. No. 01C01-9506-CR-00211, Davidson County (Tenn. Crim. App., Nashville, Mar. 20, 1997), slip op. at 10, <u>perm. to appeal filed</u> (May 20, 1997).  Accordingly, the Petitioner's challenge to the reasonable doubt jury instruction, like the other challenges raised in his petition for post-conviction relief, was barred by the one-year statute of limitations.

Moreover, even if the Petitioner's challenge to the reasonable doubt jury instruction were considered on its merits, we do not believe he would be entitled to post-conviction relief.  In <u>Victor</u>, the United States Supreme Court ruled that the phrase "moral certainty" may have lost its historical meaning and that modern juries, unaware of the historical meaning, might understand "moral certainty" to mean something less than the high level of determination constitutionally required in criminal cases.  <u>Victor</u>, 114 S.Ct. at 1246-48.  While expressing criticism of the continued use of the "moral certainty" phrase, the Court did not hold that it was necessarily constitutionally invalid.  <u>Id.</u>  Instead, as we stated above, the Court looked to the full jury charge to determine if the phrase was placed in such a context that a jury would understand that it meant certainty with respect to human affairs.  <u>Id.</u>  The Court has expressed particular concern over the use of the terms "grave uncertainty" and "actual substantial doubt" in conjunction with "moral certainty."  <u>See</u> <u>Cage</u>, 498 U.S. at 41, 111 S.Ct. at 329-30 (holding that the use of the three phrases together could be interpreted by a reasonable juror to allow a finding of guilt based on a degree of proof below that required by due process).

In the case <u>sub judice</u>, it does not appear that the additional terms found objectionable in <u>Cage</u> were included in the jury charge.  Furthermore, considering

the entire jury charge, we are satisfied that the reasonable doubt jury instruction conveyed the proper level of evidentiary certainty to comport with the due process guarantees of the United States and Tennessee Constitutions. Tennessee courts have repeatedly upheld reasonable doubt jury instructions similar to the one given in the present case. See Nichols, 877 S.W.2d at 734; Pettyjohn, 885 S.W.2d at 366; State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993); Terry Shannon Kimery v. State, C.C.A. No. 03C01-9512-CC-00412, Greene County (Tenn. Crim. App., Knoxville, Jan. 28, 1997), perm. to appeal denied (Tenn. 1997). Thus, the full jury charge given in the Petitioner's case did not violate his due process rights under either the United States or Tennessee Constitutions even though it contained the "moral certainty" phrase.

We do note that, as the Petitioner points out, a jury instruction similar to the one given in the present case was found to be unconstitutional in Rickman v. Dutton, 864 F.Supp. 686, 709-10 (M.D. Tenn. 1994). The Petitioner's reliance on this case, however, is not well-founded. This Court is not bound by the federal district court's decision with regard to the constitutionality of the reasonable doubt jury instruction. Instead, we are required to follow only the applicable constitutional rulings of the United States Supreme Court. See State v. McKay, 680 S.W.2d 447, 450 (Tenn. 1984), cert. denied, 470 U.S. 1034, 105 S.Ct. 1412, 84 L.Ed.2d 795 (1985); State v. Bowers, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984).

For the reasons set forth in the discussion above, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief. We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE