# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 17, 2003 Session

## STATE OF TENNESSEE v. LEROY NEVILS

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-115-701      Donald P. Harris, Judge**

---

**No. M2003-00520-CCA-R3-CD - Filed February 26, 2004**

---

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion. However, I question whether a "reasonable certainty" equates to a "moral certainty" relative to the definition of reasonable doubt in Tennessee. Also, I believe that trial courts in this state should not be using varying definitions of reasonable doubt.

T.P.I.–Crim. 2.03 (7th ed. 2002) provides:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily to the certainty of guilt. Reasonable doubt does not mean a doubt that may arise from possibility. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense.

This description of reasonable doubt is the one that has historically been given in Tennessee. See, e.g., Hardin v. State, 210 Tenn. 116, 122, 355 S.W.2d 105, 108 (1962); Ware v. State, 108 Tenn. 466, 470-71, 67 S.W. 853, 854 (1902).

The majority opinion quotes from the defendant's prior DUI case in which a panel of this court, including my colleagues in this case, also concluded that using "reasonable certainty" as opposed to "moral certainty" did not violate due process. It recognized that T.P.I.–Crim. 2.03 included the language "moral certainty" in the context of reasonable doubt, but it stated that T.P.I.–Crim. 2.03(a) "provides alternative language" that has "continuously withstood challenges to its constitutionality."

The opinion's reference to T.P.I.–Crim. 2.03(a) relates to an alternative reasonable doubt instruction placed into the fourth edition of the pattern instructions in 1995 because of the concern of the Committee on Pattern Jury Instructions (Criminal) of the Tennessee Judicial Conference "that the use of the term of 'moral certainty' in the jury charge on reasonable doubt may be reversible error under Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990)." See T.P.I.–Crim. 2.03 Comments. In pertinent part, T.P.I.–Crim. 2.03(a) provided:

> A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in this case.
>
> It is not necessary that the defendant's guilt be proved beyond all possible doubt, as absolute certainty of guilt is not demanded by the law to convict of any criminal charge.
>
> A reasonable doubt is just that–a doubt that is reasonable after an examination of all the facts of this case.

However, the United States Supreme Court did not condemn "moral certainty." In Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994), the Supreme Court explained the relationship of reasonable doubt to the "moral certainty" phrase. It stated that moral certainty was the highest degree of certitude based upon moral evidence, as opposed to demonstrative or "mathematical" evidence, such as scientific truths. 511 U.S. at 10-11, 114 S. Ct. at 1245-46. In other words, "moral certainty" is that level of certainty humanly attainable in matters relating to human affairs and observation. The court recognized that a modern jury, unaware of the historical meaning, might understand the phrase, in the abstract, to mean something less than the level of certainty constitutionally required in criminal cases. 511 U.S. at 13-14, 114 S. Ct. at 1247. However, the Court did not hold that the phrase was constitutionally inappropriate when the full charge to the jury placed the phrase in such a context that a jury would understand that it mean certainty with respect to human affairs. 511 U.S. at 15-16, 114 S. Ct. at 1247-48. In this respect, I believe the context of T.P.I.–Crim. 2.03 describes the high level of certainty required in criminal cases. As for the alternative instruction, T.P.I.–Crim. 2.03(a), the Committee removed it in the 2000 fifth edition of the pattern jury instructions.

I recognize that various panels of this court have approved the wording of T.P.I.–Crim. 2.03(a). See, e.g., State v. Melvin Edward Henning, No. 02C01-9703-CC-00126, Madison County (Tenn. Crim. App. Oct. 24, 1997). However, as I maintained in State v. Derek Denton, No. 02C01-9409-CR-00186, Shelby County (Tenn. Crim. App. Aug. 2, 1996), the courts in Tennessee should use the historical definition. To me, different words have different meaning and I do not equate "reasonable certainty" to "moral certainty." I do not believe "reasonable certainty" engenders as high a state of certainty. In any event, we should not be faced with an issue regarding instructions that differ from the pattern jury instruction. That is, all the courts in this state should use the instruction presented in T.P.I.–Crim. 2.03 (7th ed. 2002).

I concur in the results reached in the majority opinion because the record reflects that the trial court essentially instructed the jury as provided in T.P.I.–Crim. 2.03 but substituted "reasonable" for "moral." To me, the surrounding instructions regarding reasonable doubt sufficiently explain to the jury the level of certainty that due process requires.

_____
JOSEPH M. TIPTON, JUDGE