

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2006

# Brown v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brown v. Folino" (2006). *2006 Decisions.* Paper 1141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2705

KENNETH BROWN,

Appellant

v.

LOUIS FOLINO, Superintendent, SCI, Greene;
THE DISTRICT ATTORNEY OF THE COUNTY OF MONTGOMERY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

―――――――――

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 03-cv-04950
District Judge: The Honorable Norma L. Shapiro

―――――――――

Argued March 30, 2006

Before: SMITH and COWEN, *Circuit Judges*, and THOMPSON, *District Judge\**

(Filed:    May 9, 2006)

―――――――――

Counsel:      Norris E. Gelman (Argued)
              Suite 940
              6th & Chestnut Streets
              Public Ledger Building
              Philadelphia, PA 19106
              *Counsel for Appellant*

―――――――――

* The Honorable Anne E. Thompson, Senior District Judge for the District of New
Jersey, sitting by designation.

Kevin J. McCloskey (Argued)
Mary M. Killinger
Office of District Attorney
P.O. Box 311
Montgomery County Courthouse
Norristown, PA 19404
*Counsel for Appellee*s

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

Appellant Kenneth Brown appeals a District Court Order denying his petition for a Writ of Habeas Corpus. Brown alleges that he received ineffective assistance of counsel at his trial on first degree murder and other charges because trial counsel failed to object to the unconstitutional definition of reasonable doubt contained in the trial court's jury instructions. He contends that the decision by the Pennsylvania Superior Court ("Superior Court") finding the jury instruction constitutional and rejecting Brown's ineffective assistance claim violated clearly established federal law such that Brown is entitled to habeas relief.

Although we agree with Brown that the trial court's reasonable doubt formulation raises grave constitutional concerns, nothing in the Superior Court's decision as to the jury instruction was "contrary to, or involved an unreasonable application of, clearly established Federal Law" under the standard for habeas relief articulated in 28 U.S.C. § 2254(d)(1). Accordingly, we will affirm the Order of the District Court denying Brown's

habeas petition.

I.

Cynthia Linthicum was found in her apartment beaten and stabbed to death.

Brown was arrested and indicted on several charges connected to Linthicum's death. At

Brown's trial, the trial judge instructed the jury as follows on the definition of reasonable

doubt:

> A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause and hesitate before acting upon a matter of importance in his or her own affairs.
> It is not mere hesitation. A mere hesitation in and of itself is not a reasonable doubt. But a hesitation concerning the guilt of the defendant may become a reasonable doubt when and if that hesitation becomes a restraint, and would then cause you to be restrained from acting in a matter of the highest importance in your own life.

Brown was convicted of first-degree murder, robbery, possession of instruments of crime,

aggravated assault, and theft of movable property.

The convictions were affirmed on direct appeal, and the Pennsylvania Supreme

Court declined to hear the case. Brown filed a *pro se* petition under the Post Conviction

Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*, with the Court of Common

Pleas, and new counsel was appointed to represent Brown. In his PCRA appeal, Brown

alleged, *inter alia*, that trial counsel rendered ineffective assistance by failing to object to

the definition of reasonable doubt given in the trial court's jury instructions, which Brown

argues was unconstitutional as a violation of due process. The Court dismissed the PCRA

petition, and the Superior Court affirmed, finding that the trial court's formulation of

3

reasonable doubt did not violate due process and, therefore, that trial counsel was not ineffective for having failed to object to the court's formulation. The Pennsylvania Supreme Court again denied Brown's request for allowance of appeal. Brown then filed a petition for Writ of Habeas Corpus in Federal District Court, arguing that the above conclusions by the Superior Court violated 28 U.S.C. § 2254(d)(1) such that Brown is entitled to habeas relief. The District Court denied the petition and affirmed the conclusions reached by the Superior Court. A Certificate of Appealability was granted on July 13, 2005, limited to the question of whether trial counsel rendered ineffective assistance in failing to object to the allegedly unconstitutional jury instruction on reasonable doubt.[1]

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA" or the "Act") governs Brown's habeas petition. 28 U.S.C. § 2254(d)(1).[2] The Supreme Court has

---

[1]The District Court had subject matter jurisdiction over this habeas petition pursuant to 28 U.S.C. § 2254(a). This Court exercises jurisdiction under 28 U.S.C. §§ 1291 and 2253.

[2]The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law . . . .

28 U.S.C. § 2254(d)(1).

4

interpreted § 2254(d)(1) to mean that habeas relief is appropriate when independent federal review shows that "the state court arrive[d] at a conclusion *opposite to that reached by [the Supreme] Court* on a question of law or . . . on a set of materially indistinguishable facts," or "the state court identifie[d] the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000) (emphasis added).

In only one case, *Cage v. Louisiana*, 498 U.S. 39 (1990), has the Supreme Court held that a definition of reasonable doubt violated due process. The instruction involved in that case informed jurors that to acquit, the doubt raised in their minds must "give rise to a grave uncertainty," that it must be an "actual substantial doubt," and that "moral certainty" as to the defendant's guilt was required. *Id.* at 40. In striking the instruction down, the Court explained:

> The charge . . . equated a reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," and stated that what was required was a "moral certainty" that the defendant was guilty. It is plain to us that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. When those statements are then considered with the reference to "moral certainty" . . . it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.

*Id.* at 41.

Even if we assume that the jury instruction at Brown's trial was unconstitutional, Brown cannot show that the Superior Court's decision requires habeas relief under

5

*Williams*.[3]  The Supreme Court's *Cage* decision certainly cannot be read to stand for the proposition that the "restraint" formulation of reasonable doubt necessarily "allow[s] a finding of guilt based on a degree of proof below that required by the Due Process Clause."  *Cage*, 498 U.S. at 41.  None of the problematic terms from the *Cage* instruction were present in the instruction given here.  Furthermore, the *Cage* decision in no way mentions or refers to the terms "restrain," "restraint," or "hesitate" as part of a reasonable doubt formulation.  Although the Supreme Court in *Victor v. Nebraska*, 511 U.S. 1, 20 (1994), tacitly approved a version of the "hesitate" definition of reasonable doubt, the Court in *Victor* specifically held that "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof," *id.* at 5, and no Supreme Court decision has struck down any version of the "restraint" formulation of reasonable doubt.  We also note, regarding the "unreasonable application"

------

[3]Because of that conclusion, we need not pass formally on the constitutionality of the reasonable doubt definition appearing in the jury instruction.  Having said that, we note our suspicion that the "restrain from acting" and "restraint" language as employed in the instruction is constitutionally problematic.

The word "restraint," as it is commonly understood – especially in conjunction with the previous discounting of the "hesitate" standard of reasonable doubt and the precise formulation "restrain *from* acting" – suggests at least as high a degree of doubt as do the phrases "grave uncertainty" and "substantial doubt" as employed in the *Cage* instruction.  In fact, to the extent that we conceive of "restraint" or "restrain from acting" in their literal sense, those words arguably go beyond "giving rise" to a grave uncertainty or substantial doubt and become "decision-determinative," i.e., they arguably suggest a level of doubt that, by its terms, *prevents* one from acting.  Stated differently, we suspect that the formulation employed by the state trial court is one that "suggest[s] a higher degree of doubt than is required for acquittal under the reasonable-doubt standard." *Cage*, 498 U.S. at 41.

prong of the *Williams* test, that every federal court within the Eastern District to address some version of the "restraint" formulation has upheld the formulation under direct constitutional analysis. *See Porter v. Horn*, 276 F. Supp. 2d 278, 340-41 (E.D. Pa. 2003); *Peterkin v. Horn*, 176 F. Supp. 2d 342, 381 (E.D. Pa. 2001); *Laird v. Horn*, 159 F. Supp. 2d 58 (E.D. Pa. 2001).[4]

Under our own precedent, we may not grant habeas relief "on the basis of simple disagreement" with the Superior Court's constitutional analysis. *Matteo*, 171 F.3d at 888. Rather, we must be convinced that "Supreme Court precedent *requires* the contrary outcome" to that reached by the Superior Court. *Id.* (emphasis added). We are not so convinced. Brown may have made a compelling constitutional argument against the reasonable doubt definition employed here, but based on the language of the instant jury instruction and the foregoing analysis of *Cage* and *Victor*, we cannot conclude that the Superior Court "arrive[d] at a conclusion *opposite* to that reached by [the Supreme] Court on a question of law or . . . on a set of materially indistinguishable facts," or that the Court "identifie[d] the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of [Brown's] case." *Williams*, 529 U.S. at 413 (emphasis added).

---

[4]Although federal court decisions below the Supreme Court level cannot serve as the legal benchmark against which to compare a state court's decision, our cases state that decisions of other federal courts are relevant in ascertaining the reasonableness of a state court's application of Supreme Court precedent. *Fischetti v. Johnson*, 384 F.3d 140, 149-50 (3d Cir. 2004); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 890 (3d Cir. 1999) (*en banc*).

III.

Moreover, even if we assume that the jury instruction raises grave constitutional concerns, we agree with the conclusion of the Superior Court that Brown's trial counsel did not render ineffective assistance. Supreme Court precedent requires that to prevail on an ineffective assistance claim, a defendant must show (1) that "counsel's performance was deficient," and (2) that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In interpreting the first prong of the test, the *Strickland* Court stated that "[t]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 688. In other words, to obtain relief, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.*

In assessing an attorney's performance, a reviewing court must be "highly deferential" and must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. This effort requires that we "indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Id.*

Applying the *Strickland* standard for attorney performance, Brown cannot show that trial counsel's performance was deficient for failing to object to the jury instruction. In the context of reviewing the proposed jury instruction with the trial judge and opposing counsel, trial counsel – a Pennsylvania practitioner – likely would have recognized both

8

the "hesitate" and "restrain" language as formulations that have been upheld repeatedly by the Pennsylvania Supreme Court in defining reasonable doubt. *See*, *e.g.*, *Commonwealth v. Hawkins*, 787 A.2d 292, 301-02 (Pa. 2001) (indirectly approving an instruction nearly identical to the instruction in Brown's case); *Commonwealth v. Ragan*, 743 A.2d 390 (Pa. 1999) (explicitly approving both formulations); *Commonwealth v. Donough*, 103 A.2d 694, 697 (Pa. 1954) (first case to approve the "restraint" formulation); *Commonwealth v. Kluska*, 3 A.2d 398, 403 (Pa. 1939) (first case to approve the "hesitate" formulation). Additionally, as noted in section II., *supra*, federal district courts embracing Pennsylvania consistently have upheld versions of the "restrain" formulation. In the face of such authority, a reasonable practitioner could certainly be excused for failing to object to the instruction as worded in Brown's case.

Even measured against the other actors in this case, counsel's assessment of the jury instruction as constitutional would seem to meet reasonable professional standards. Assuming that such an assessment was erroneous, counsel's error has since been duplicated by at least one Pennsylvania appellate court and a federal district court on habeas review, both of which had significantly more time – and presumably more expertise – to bring to bear in evaluating the instruction's constitutionality. In short, trial counsel's failure to object to the jury instruction, even if ultimately incorrect, fell well within the range of reasonable professional assistance under the circumstances.

For the foregoing reasons, we will affirm the Order of the District Court denying Brown's habeas petition.