48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Nathaniel ADAMS, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Respondent/Appellee.
 No. 93-2993.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Nathaniel Adams appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Adams was convicted of murder in Indiana in 1979. His conviction was affirmed on direct appeal. Adams v. State, 431 N.E.2d 820 (Ind.1982). Adams' action for post-conviction relief failed and the Indiana Supreme Court denied his petition for transfer.[1] See Adams v. State, No. 02A03-9201-PC-00012 (Ind.App.Ct. June 24, 1992). He thereafter filed this petition, arguing that the jury was improperly instructed on three issues.[2] Adams argues that the trial court erred by (1) failing to instruct the jury on the lesser included offense of voluntary manslaughter; (2) instructing the jury that they could disregard the court's instructions and decide the law for themselves; and (3) improperly instructing the jury on the state's burden of proof.
 
 
 3
 When considering a petition for a writ of habeas corpus, federal courts cannot review on questions of federal law that were not presented to the state court. Willis v. Aiken, 8 F.3d 556, 561 (7th Cir.1993), cert. denied, 114 S.Ct. 1371 (1994). Also, if a state court did not reach a federal issue because it applied a state procedural rule, we cannot review the issue absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); Willis, 8 F.3d at 561. As we noted in Willis, Indiana has a procedural rule requiring that an objection to a jury instruction be made in the trial court to preserve the issue for appeal. Absent an objection, the issue is waived and further review is barred. If the state court declines review for this reason, the decision rests upon a state law ground that is both "independent and adequate." Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("independent of the federal question and adequate to support the judgment"). The independent and adequate state law ground may be based either upon substantive state law or upon a violation of state procedural rules. Harris v. Reed, 498 U.S. 255, 261 (1989).
 
 
 4
 Because the state court did not rely upon the procedural bar as an independent basis for its disposition, although it noted the Indiana contemporaneous objection rule in a footnote, this procedural rule does not bar federal review. However, the state court did rely upon substantive state law to dispose of two of Adams' claims. Cf. Coleman, 501 U.S. at 750 (if a decision of the last state court did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition). Therefore, review of these claims by a federal court is barred.[3]
 
 
 5
 In concluding that the Court of Appeals of Indiana relied on substantive state law in Adams' post-conviction proceeding, we look to its opinion. On the issue of a lesser included offense instruction, the appellate court focused on Indiana statutes and substantive law surrounding murder. Second, the instruction regarding the jurors as judges of the law was resolved by looking to the Indiana Supreme Court's discussion of that very issue.
 
 
 6
 Adams' final claim, that the reasonable doubt instruction violated his due process rights, is not clearly based only on state substantive law. The appellate court refers to the due process clause, but not specifically that of the state or federal constitution. Nonetheless, even examining the claim on the merits under the federal constitution, it must fail. The court's instruction defined reasonable doubt as "a fair, actual and logical doubt." Although "an attempt to define reasonable doubt presents a risk without any real benefit," United States v. Hanson, 994 F.2d 403, 408 (7th Cir.1993), defining reasonable doubt does not result in per se reversible error. Rather, the instruction must also be misleading or confusing. United States v. Hall, 854 F.2d 1036, 1039 (7th Cir.1988); see Sullivan v. Louisiana, 113 S.Ct. 2078 (1993) (reasonable doubt instruction violated due process). The constitutional question is whether there is a reasonable likelihood that the jury understood the instruction to allow them to convict based upon insufficient proof. Victor v. Nebraska, 114 S.Ct. 1239 (1994). In this case, we conclude that the instruction was not erroneous. See Hall, 854 F.2d at 1038 (equating reasonable doubt to fair doubt); see also Cage v. Louisiana, 498 U.S. 39 (1990) (equating reasonable doubt with "grave uncertainty" and "actual substantial doubt" could result in finding of guilt based on degree of proof below due process requirements). The instruction provided by the trial court, in our estimation, was not misleading or confusing, nor would it allow a jury to convict the defendant with insufficient evidence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.APp.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and has agreed to waive oral argument
 
 
 [1]
 Adams did not raise the claims regarding the jury instructions on direct appeal, but raised them in his post-conviction action for the first time
 
 
 [2]
 Before the district court Adams claimed that both his trial and appellate counsel were ineffective for failing to raise these issues. He has abandoned the ineffectiveness of counsel claims on appeal
 
 
 [3]
 We note that under Wainwright v. Sykes, 433 U.S. 72 (1977), federal courts may review even an independent and adequate state procedural ground if the petitioner can show "cause and prejudice" for the procedural default. Adams has not raised any such argument on appeal