**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————————

No. 95-30442

———————————————————

THOMAS LEE WARD,

Petitioner-Appellant,

versus

BURL CAIN, Acting Warden, Louisiana
State Penitentiary, Angola,
Louisiana,

Respondent-Appellee.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

(May 15, 1995)

_____

On Application for Certificate of Probable
Cause and Motion for Stay

Before POLITZ, Chief Judge, GARWOOD and SMITH, Circuit Judges:

PER CURIAM:

Scheduled for execution between midnight and 3:00 a.m. on May 16, 1995, Thomas Lee Ward seeks a certificate of probable cause to appeal the denial of his petition for habeas corpus and a stay of his execution. Binding precedent precludes debate among jurists of reason about a dispositive issue and we must therefore deny the application for CPC and a stay.

We do not repeat the factual background and procedural posture of this case but refer to prior opinions.[1] In the petition at bar, Ward's third,[2] the sole claim is that his jury was given the identical reasonable doubt instruction that the Supreme Court held to be constitutionally infirm in **Cage v. Louisiana**.[3] Assuming for today's disposition that **Cage** is retroactive,[4] the dispositive issue is whether Ward has shown cause and prejudice, or alternatively, a fundamental miscarriage of justice which would satisfy the requirements of Rule 9(b) of the Rules Governing Section 2254 Cases.[5]

In **James v. Cain**[6] we very recently rejected the assertion of cause for not raising a **Cage** claim in earlier petitions, finding

---

[1]**State v. Ward**, 483 So.2d 578 (La.), <u>cert</u>. <u>denied</u>, 479 U.S. 871 (1986); **Ward v. Whitley**, 21 F.3d 1355 (5th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 1257 (1995).

[2]The first petition was dismissed for failure to exhaust state remedies and the second was denied.

[3]498 U.S. 39 (1990). The only difference between the two charges is clerical. **Cage** was decided while Ward's second habeas petition was pending appeal. He unsuccessfully pursued relief under **Cage** through the Louisiana state court system while we stayed our proceedings. He sought remand to the district court to amend his petition to add a **Cage** claim. That motion was denied.

[4]<u>See</u> **Sullivan v. Louisiana**, 113 S.Ct. 2078, 124 L.Ed. 2d 182 (1993); **Adams v. Aiken**, 41 F.3d 175 (4th Cir. 1994), <u>petition for cert. filed</u> (Apr. 7, 1995) (No. 94-8786); **Nutter v. White**, 39 F.3d 1154 (11th Cir. 1994). <u>But</u> <u>see</u> **Skelton v. Whitley**, 950 F.2d 1037 (5th Cir.), <u>cert</u>. <u>denied</u>, 113 S.Ct. 102 (1992).

[5]<u>See</u> **Schlup v. Delo**, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995). Ward raised this issue in his petition and the state moved to dismiss the petition under Rule 9(b).

[6]___ F.3d ___, 1995 WL 225184 (No. 95-30354) (Apr. 17, 1995) (slip op. at 3462).

that the claim reasonably was available since the early 1980s. The effect of **James** is to relegate Ward's efforts to avoid the limitation of Rule 9(b) to the fundamental-miscarriage-of-justice exception. As defined by the Supreme Court, that exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.[7] Ward has made no showing that it is more likely than not that no reasonable juror would have found him guilty if given a correct instruction.[8] Accordingly, under controlling precedent we may not find a miscarriage of justice.

The application for a certificate of probable cause and the motion for a stay are DENIED.


POLITZ, Chief Judge, concurring:

I fully concur with the foregoing, adding that I share the concern voiced by the district court that a person may be executed when there effectively appears, in the words of Justice Scalia, to be "no jury verdict of guilty-beyond-a-reasonable-doubt." **Sullivan v. Louisiana**, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182, 189 (1993). With respect to the holding of **James v. Cain**, 1995 WL 225184 (No. 95-30354) (Apr. 17, 1995), regarding the availability of a **Cage** claim, I am mindful of the Louisiana Supreme Court's observation

---

[7]**Schlup; McCleskey v. Zant**, 499 U.S. 467 (1991). In **Sawyer v. Whitley**, 112 S.Ct. 2514, 120 L.Ed. 2d 269 (1992), the Court applied the miscarriage of justice exception to a petitioner who claimed to be actually innocent of the death penalty.

[8]See **Schlup.**

that the prevailing view during the 1980s was to reject challenges to reasonable doubt instructions. **State ex rel. Taylor v. Whitley**, 606 So.2d 1292 (La. 1992), cert. denied, 113 S.Ct. 2935 (1993).

4