## STATE v. WILLIAMS

[119 N.C. App. 601 (1995)]

---

STATE OF NORTH CAROLINA, Plaintiff v. ROY STEVEN WILLIAMS, Defendant

No. COA92-134

(Filed 18 July 1995)

**Criminal Law § 762 (NCI4th)— moral certainty—honest substantial misgiving—instructions not violative of Due Process Clause**

The trial court's instruction on reasonable doubt did not violate the Due Process Clause where the court in instructing on the burden of proof made two references to "moral certainty," *i.e.,* "satisfied to a moral certainty in the truth of the charge" and "abiding faith to a moral certainty in the defendant's guilt," and one reference to "honest substantial misgiving," *i.e.,* "honest substantial misgiving generated by the insufficiency of the proof."

**Am Jur 2d, Trial § 1385.**

Appeal by defendant from judgment entered 1 July 1991 by Judge William C. Griffin, Jr. in Halifax County Superior Court. This case was originally heard in the Court of Appeals 3 March 1993. An opinion was issued 18 May 1993. *State v. Williams,* 110 N.C. App. 306, 429 S.E.2d 413 (1993). Upon discretionary review granted by the Supreme Court and by order dated 29 July 1993, the Supreme Court remanded the case to the Court of Appeals for reconsideration in light of the United States Supreme Court's 1 June 1993 opinion in *Sullivan v. Louisiana,* 508 U.S. ——, 124 L. Ed. 2d 182 (1993). *State v. Williams,* 334 N.C. 438, 433 S.E.2d 184 (1993).

Upon reconsideration by the Court of Appeals, this Court issued an opinion filed 7 September 1993 superseding its previous opinion. *State v. Williams,* 111 N.C. App. 861, 434 S.E.2d 238 (1993). Again, the

Supreme Court granted discretionary review and by order dated 29 July 1994, vacated this Court's opinion and again remanded the case to the Court of Appeals for reconsideration. However, it was remanded in light of the Supreme Court's opinion in *State v. Bryant*, 337 N.C. 298, 446 S.E.2d 71 (1994). *State v. Williams*, 336 N.C. 777, 447 S.E.2d 435 (1994).

This opinion supersedes our previous opinion in this case.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Hux, Livermon & Armstrong, by James S. Livermon, Jr., for defendant-appellant.*

JOHNSON, Judge.

The instant case has been remanded to our Court for reconsideration in light of our Supreme Court's opinion in *State v. Bryant*, 337 N.C. 298, 446 S.E.2d 71 (1994) (*Bryant II*). Initially, this opinion was reported at 111 N.C. App. 861, 434 S.E.2d 238 (1993). A brief review of the facts reveals the following:

Defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury, in violation of North Carolina General Statutes § 14-32(a) (1986). The first trial resulted in a mistrial when the jury was unable to reach an unanimous verdict. Evidence at the second trial revealed that defendant had marital problems which led to his wife threatening to leave defendant. Defendant, while drinking, told his wife that he would kill her if she left with the children. On the evening of 10 September 1990, defendant pointed the gun at his wife's face and pulled the trigger. Although defendant offered no evidence, he asserted through cross-examination of the investigating detective that it was an accident because he thought the gun's safety was on. The jury found defendant guilty of the lesser included offense of assault with a deadly weapon inflicting serious injury in violation of North Carolina General Statutes § 14-32(b). Defendant appealed.

On appeal, this Court found that the trial court's instruction on reasonable doubt violated the Due Process Clause, and thus, was reversible error. We now reconsider this matter in light of *Bryant II*.

Our Supreme Court in *Bryant II* stated:

the [U.S. Supreme] Court in *Victor* [*Victor v. Nebraska*, 511 U.S. ——, 127 L.Ed.2d 583 (1994)] acknowledged the distinction drawn in *Cage* [*Cage v. Louisiana*, 498 U.S. 29, 112 L.Ed.2d 339 (1990)] between "moral certainty" and "evidentiary certainty." *Victor*, 511 U.S. at ——, 114 S.Ct. at 1248, 127 L.Ed.2d at 596. The Court stated,

STATE v. WILLIAMS

[119 N.C. App. 601 (1995)]

however, that in *Cage*, "the jurors were simply told that they had to be morally certain of the defendant's guilt; there was nothing else in the instruction to lend meaning to the phrase." *Id.* In *Victor*, the jury was explicitly told to base its conclusion on the evidence in the case, and there were other instructions which reinforced this message.

Likewise, in the present case, the jury was instructed that a reasonable doubt existed "if, *after considering, comparing and weighing all the evidence*, the minds of the jurors are left in such condition that they cannot say they have an abiding faith to a moral certainty in the defendant's guilt." The jury was also instructed that a reasonable doubt is "a sane, rational doubt *arising out of the evidence or lack of evidence* or from its deficiency" and that it is "an honest substantial misgiving generated by the *insufficiency of the proof*." We therefore conclude that, under *Victor*, "there is no reasonable likelihood that the jury would have understood moral certainty to be disassociated from the evidence in the case." *Victor*, 511 U.S. at ——, 114 S.Ct. at 1248, 127 L.Ed.2d at 597. Thus, on remand, we hold, contrary to our previous decision in this case, that there is no *Cage* error entitling defendant to a new trial. *Id.*

*Bryant II*, 337 N.C. at 306-07, 446 S.E.2d at 76.

The trial court in *Bryant* gave the following instructions, "if, *after considering, comparing and weighing all the evidence*, the minds of the jurors are left in such condition that they cannot say they have an abiding faith to a moral certainty in the defendant's guilt[,]" and "a sane, rational doubt *arising out of the evidence or lack of evidence or from its deficiency*" and that it is "an honest substantial misgiving generated by the *insufficiency of the proof*." Likewise, in the case *sub judice*, the trial court made two references to "moral certainty." These references were "satisfied to a moral certainty in the truth of the charge" and "abiding faith to a moral certainty in the defendant's guilt." The court made one reference to "honest substantial misgiving," i.e., "honest substantial misgiving generated by the insuffiency of the proof." As the language used in the instant case is similar to that used by the Supreme Court in *Bryant II*, there is no *Cage* or *Montgomery* error which would entitle defendant to a new trial.

Accordingly, the trial court's instructions were without error.

No error.

Chief Judge ARNOLD and Judge GREENE concur.