PER CURIAM.
Relator’s conviction for first degree murder and sentence of death was set aside in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (Cage I). In its opinion, the United States Supreme Court reasoned that reasonable jurors “could have” misunderstood the defective jury charge. On remand, this court held the error was harmless beyond a reasonable doubt, and the Supreme Court denied review of that decision. State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, 502 U.S. 874, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991) (Cage II). Two years later, however, the Court held that a Cage violation could not be harmless error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Then, in Victor v. Nebraska, — U.S. -, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the Court indicated that the correct standard of review of defective jury instructions was not whether jurors “could have” misinterpreted the instruction as stated in Cage I, but rather, whether there was a “reasonable likelihood” that they did so. This court has followed Victor in State v. Smith, 91-0749 (La. 5/23/94), 637 So.2d 398, cert. denied, — U.S. -, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994).
Much of the discussion in this case has centered around whether the Supreme Court’s holding in Victor (adopting the “reasonable likelihood” standard of review for Cage instructions) implicitly overruled Cage I, which used the standard of whether jurors “could have” misunderstood the defective charge. However, this is not the real issue presented in this case. Rather, we find that relator is uniquely situated in that his case, under the law of the case doctrine, is clearly *520 subject to the pre-Victor standard |2of whether jurors “could have” misunderstood the jury charge. Unlike all other defendants raising this issue, we feel that the Supreme Court’s opinion in Cage I fixed relator’s rights, entitling him to the standard of review whether the jurors “could have” misunderstood the charge. Therefore, while the Victor “reasonable likelihood” standard may now apply to all other cases, we believe that relator’s entitlement to the “could have” standard of review in Cage I is the law of this case.
The Supreme Court has already concluded in Cage I that, employing the standard of whether the jury “could have” misunderstood the charge, the jury charge in relator’s case violated the due process clause. Under Sullivan, the harmless error analysis was held not to apply to such a violation. Although relator’s case became final upon the Supreme Court’s denial of certiorari in Cage II and prior to its decision in Sullivan, we feel it would be fundamentally unfair under the unique circumstances of this case to deprive relator of the benefit of the Sullivan holding that the Cage error may not be harmless. However, this holding is limited solely to the unusual facts of this case and should not be considered as expressing the views of this court as applied to any other defendant. Rather, we continue to adhere to the views expressed in State v. Smith, 91-0749 (La. 5/23/94), 637 So.2d 398, cert. denied, — U.S. -, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994).
Accordingly, the judgment of the district court is reversed, relator’s conviction and capital sentence are vacated, and the case remanded for further proceedings.
WATSON, KIMBALL and VICTORY, JJ., dissent and would deny the application.