106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Efren O. DIAZ, Defendant-Appellant.
 No. 96-10227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Dec. 27, 1996.
 
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Efren O. Diaz of embezzling postal service funds. Diaz claims that the district judge's instruction to the jury after opening statements was plain error, because it deprived Diaz of the presumption of innocence and relieved the government's burden to prove his guilt beyond a reasonable doubt. Diaz also claims that his trial counsel's failure to object to the instruction constituted ineffective assistance.
 
 
 3
 During opening statements at trial, Diaz's attorney pointed out that when Diaz was suspended from the postal service he admitted to taking funds, and that Diaz agreed to reimburse the government out of his retirement fund, adding "[a]nd yet, despite that, the Government now seeks to prosecute him criminally and to punish him and to get a pound of flesh." After defense counsel concluded, the district court addressed the jury:
 
 
 4
 Ladies and gentlemen, I just want to make sure that the comments of counsel are placed in the proper perspective by you. To the extent there is any suggestion that there's no lawful basis to proceed, that is not true. If there was some civil resolution of the matter with the post office, the government by that is not precluded from bringing this case.
 
 
 5
 I'm sure that [counsel] didn't mean to suggest there was no lawful basis for bringing this case in making his comments, but I don't want you to be confused by that. The fact that there was some agreement that there would be no further repercussions with the post office or with postal officials does not deprive the United States Attorney or grand jury from looking at a situation and deciding whether to present it to you to determine whether or not a crime was committed.
 
 
 6
 Of course, that's all that's happened at this point. The matter is now being presented to you, and you have to make that decision under the law as I will instruct you.
 
 
 7
 [ER exh. D] The prosecution then called its first witness.
 
 
 8
 At the close of the prosecution's case, Diaz's counsel conferred with Diaz, and then stated that the defense would not call any witnesses and waived closing argument. The jury convicted Diaz.
 
 I. The court's instruction
 
 9
 Diaz argues that the instruction quoted above was "misleading and confusing" and "infringe[d] on the presumption of innocence and ... relieve[d] the government's burden to prove guilt beyond a reasonable doubt." [Blue Br. p 4] Because Diaz's counsel failed to object, the district court's instruction is reviewed for plain error. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). A "plain error" must be "clear under current law" and "[i]t must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993). "Normally ... the defendant must make a specific showing of prejudice" and show that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 735-36 (quotations omitted).
 
 
 10
 Diaz claims that by alluding to a "civil resolution" of the theft of the post office funds without clarifying the different burdens of proof applicable in civil and criminal proceedings, the district court damaged the presumption of innocence and confused the jury about the reasonable doubt standard, "caus[ing] the jury to abandon these constitutional protections and judge Mr. Diaz guilty before even hearing the evidence." [Blue Br. p. 6]
 
 A. Presumption of innocence
 
 11
 "The right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, includes the presumption of innocence." Morgan v. Aispuro, 946 F.2d 1462, 1464 (9th Cir.1991). "To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process." Norris v. Risley, 918 F.2d 828, 831 (9th Cir.1990) (quotations omitted).
 
 
 12
 The district court explained the presumption of innocence to the jury three times before making the challenged statement regarding the post office investigation. In jury instructions before closing argument the court repeated "A defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence." [RT 2/12/96 p. 306]. Diaz does not complain that the jury was not properly instructed on the presumption of innocence. See United States v. Payne, 944 F.2d 1458, 1465 (9th Cir.1991) (presumption of innocence instruction reinforces jury's duty to find guilt only on basis of evidence and beyond a reasonable doubt).
 
 
 13
 Instead, Diaz argues that the mention of his earlier resolution of his embezzlement with the postal service somehow undermined the jury's understanding of the presumption. There is no basis for this claim. Diaz's counsel mentioned the agreement in his opening statements, implying that the criminal proceeding was unfair or double jeopardy. The district court simply explained that the government was not precluded from prosecuting Diaz, making clear in other remarks that Diaz was presumed innocent. There is no clear error under present law. See Olano, 507 U.S. at 734. We therefore do not consider whether prejudice resulted.
 
 B. Reasonable doubt
 
 14
 The due process requirement that the government prove the accused guilty beyond a reasonable doubt "is a prime instrument for reducing the risk of convictions resting on factual error." Cage v. Louisiana, 498 U.S. 39, 39-40 (1990) (per curiam). If "a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause," id. at 41, the conviction must be reversed.
 
 
 15
 No reasonable juror could have interpreted the district court's remarks to allow Diaz to be convicted on less than proof beyond a reasonable doubt. Diaz does not object to the introduction into evidence of the post office agreement. The court correctly distinguished the agreement with the post office from the criminal prosecution. In other remarks and instructions, the court made the reasonable doubt requirement explicit at least four times. Diaz does not challenge the adequacy of these instructions. There was no plain error.
 
 II. Ineffective assistance
 
 16
 To prevail on his claim of ineffective assistance, Diaz must show that 1) his counsel's performance in failing to object to the district court's instruction was unreasonable under prevailing professional standards, and 2) there is a reasonable probability that the results would have been different had counsel objected. See United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). Because the instruction was not improper, Diaz's counsel's failure to object was reasonable.
 
 
 17
 Diaz also claims that his counsel's decision to waive closing argument constituted ineffective assistance. His sole contention in this respect is that through argument counsel "could have provided the jury with the correct standard of proof." [Blue Br. p. 8] Because there was no incorrect statement of the burden of proof and because the district court made the applicable standard clear, the decision not to restate the standard in a closing argument was reasonable.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3