[No. B107076. Second Dist., Div. Six. Dec. 3, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID PHILLIPS, Defendant and Appellant.

## COUNSEL

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—In this criminal case the trial court did not define reasonable doubt. Nor did it instruct the jury about the defendant's presumption of

innocence, or the People's burden to prove guilt beyond a reasonable doubt. The trial court's omission constitutes a structural constitutional defect and compels reversal per se.

David Phillips appeals from the judgment entered following a jury trial in which he was convicted of inflicting corporal injury upon his cohabitant, Barbara O. (Pen. Code, § 273.5, subd. (a)),[1] and unlawfully taking her vehicle (Veh. Code, § 10851, subd. (a)).

During its questioning of one of the prospective jurors the trial court mentioned that Phillips was presumed innocent, and that the People must prove beyond a reasonable doubt "whatever he's alleged to have done." The trial court, however, neglected to define "reasonable doubt."

The prosecution referred to its burden of proof once during opening statements. Both prosecution and defense counsel referred to the correct burden of proof throughout their closing remarks to the jury. In addition, both counsel gave partial definitions of "reasonable doubt" to the jury in closing argument, although they disagreed as to whether a precise definition of the term existed.

Defense counsel, for example, contrasted "proof beyond a reasonable doubt" with a "preponderance of the evidence" and "clear and convincing evidence." He said to the jury: "What is a reasonable doubt? What is proof beyond a reasonable doubt? [¶] There's no specific definition. The Judge will read you what the law says about it. The Judge will tell you that it's not a possible doubt, or just an imaginary doubt, but it's that state of the case that after consideration of all of the evidence that the jurors cannot say they have an abiding conviction of the truth of the charges."

The prosecutor later responded to defense counsel's remarks in her closing argument as follows: "My burden is to prove this case beyond a reasonable doubt. What's a reasonable doubt? The defendant's lawyer told you there was no specific definition, but that's just not true, there is, and the Judge will read it to you. And what it will tell you is that beyond a reasonable doubt doesn't mean beyond all doubt. [¶] So, let's take a look at what it isn't, what a reasonable doubt is not. It is not an imaginary doubt, it is not a possible doubt, it is not a mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. That's a reasonable doubt, and that's what the Judge is going to tell you. [¶] So what you have to ask yourself is what's reasonable. And that's not a trick question. You know what reasonable is,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

it's logical. It's based upon reason. It's not based upon scientific evidence. It's not the standard we use in science. I suggest to you it's a standard we use in life. All of you are equally equipped to decide what reasonable is, it's what we do everyday. We say what's reasonable is what's logical. The term is 'beyond a reasonable doubt,' not a scientific doubt and not to doubt at all."

Both counsel told jurors that they would hear more about "reasonable doubt" from the trial judge.

Prior to the jury deliberating, the trial judge instructed the jury: "You must accept and follow the law as I state it to you whether or not you agree with the law. If anything concerning the law said by the attorneys in their arguments or at any other time during trial conflicts with my instructions on the law you must follow my instructions."

The trial judge also instructed the jurors that they should not be biased against the defendant because he had been arrested, charged, or brought to trial. The jury was instructed: "None of these circumstances is evidence of guilt and you must not infer or assume from any or all of them that he is more likely to be guilty than innocent. . . ."

The jurors also received several instructions which alluded to the prosecution's burden of proof. For example, the jury received CALJIC No. 2.61 which provided: "In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People *to prove beyond a reasonable doubt every essential element of the charge against him.* No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against him on any such essential element." (Italics added.)

The jury also received an instruction on lesser included offenses (CALJIC No. 17.10) which provided in relevant part: "If you are not satisfied *beyond a reasonable doubt* that the defendant is guilty of the crime charged, you may nevertheless convict . . . him of any lesser crime, if you are convinced *beyond a reasonable doubt* that the defendant is guilty of such lesser crime." (Italics added.)

Finally, the jury received an instruction on the sufficiency of circumstantial evidence (CALJIC No. 2.01) which provided in relevant part: "[E]ach fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be *proved beyond a reasonable doubt.* In other words, before an inference essential to establish guilt may be found to

have been *proved beyond a reasonable doubt*, each fact or circumstance upon which such inference necessarily rests must be *proved beyond a reasonable doubt*." (Italics added.)

## DISCUSSION

■ The People acknowledge that the trial court erred in failing to instruct the jury on the presumption of innocence and the prosecution's burden of proving appellant's guilt beyond a reasonable doubt. (*People* v. *Vann* (1974) 12 Cal.3d 220, 226 [115 Cal.Rptr. 352, 524 P.2d 824] [trial court is required to give an instruction on reasonable doubt sua sponte where no such instruction is requested by the parties].)[2]

■ We emphasize that "[a]s the moving party in a criminal action, it is the People's obligation . . . to tender adequate instructions . . . so that a lawful determination can be made and sustained on appeal." (*People* v. *Winslow* (1995) 40 Cal.App.4th 680, 683 [46 Cal.Rptr.2d 901].)

■ The parties disagree as to what consequences flow from the failure to give the required instructions. The People contend that reversal is not required because the error was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710, 24 A.L.R.3d 1065]; *People* v. *Vann, supra*, 12 Cal.3d 220.) Phillips contends the trial court's error requires automatic reversal.

In *Sullivan* v. *Louisiana* (1993) 508 U.S. 275 [113 S.Ct. 2078, 124 L.Ed.2d 182], the United States Supreme Court held that a constitutionally deficient reasonable doubt instruction is not amenable to a harmless error analysis and requires reversal per se. The *Sullivan* court based its analysis on the interrelationship between the Fifth Amendment's requirement that the People prove a criminal case beyond a reasonable doubt, and the Sixth Amendment's guarantee that a defendant is entitled to a jury trial. "[T]he jury verdict

---

[2]This basic principle of law which is rooted in the federal Constitution is codified in section 1096 which provides: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his or her guilt is satisfactorily shown, he or she is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him or her guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.'" (See also CALJIC No. 2.90 (6th ed. 1996 bound vol.).) Section 1096a further provides: "In charging a jury, the court may read to the jury Section 1096, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given."

required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." (*Sullivan* v. *Louisiana, supra,* 508 U.S. 275, 278 [113 S.Ct. 2078, 2081].)

The *Sullivan* court concluded that under *Chapman* v. *California, supra,* 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705], harmless error review looks "to the basis on which 'the jury actually rested its verdict.'" (*Sullivan* v. *Louisiana, supra,* 508 U.S. 275, 279 [113 S.Ct. 2078, 2081], citing *Yates* v. *Evatt* (1991) 500 U.S. 391 [111 S.Ct. 1884, 114 L.Ed.2d 432].) Absent a jury verdict within the meaning of the Sixth Amendment, there is no way a court may say that the guilty verdict in this case was unattributable to the error. (*Sullivan* v. *Louisiana, supra,* 508 U.S. 275, 285 [113 S.Ct. 2078, 2084].) Were we to speculate what a reasonable jury would have done then " 'the wrong entity judge[s] the defendant guilty.'" (*Id.,* at p. 281 [113 S.Ct. at p. 2082], citing *Rose* v. *Clark* (1986) 478 U.S. 570 [106 S.Ct. 3101, 92 L.Ed.2d 460].)

Citing *Arizona* v. *Fulminante* (1991) 499 U.S. 279 [111 S.Ct. 1246, 113 L.Ed.2d 302], the *Sullivan* court concluded that the error constituted a structural constitutional defect to which a harmless error analysis did not apply. (*Sullivan* v. *Louisiana, supra,* 508 U.S. 275, 281 [113 S.Ct. 2078, 2082-2083].)

The People argue that *Sullivan* is not applicable. In *Sullivan* the trial court gave a constitutionally deficient reasonable doubt instruction. The instruction, disapproved in *Cage* v. *Louisiana* (1990) 498 U.S. 39, 41 [111 S.Ct. 328, 329-330, 112 L.Ed.2d 339, 342], used the terms "substantial" and "grave" which lessened the prosecution's burden by increasing the amount of doubt to acquit under the reasonable doubt standard. The People urge us to apply a harmless error analysis here because the trial court did not give a constitutionally defective instruction on reasonable doubt. It gave no instruction.

The People argue that this conspicuous omission neither deprived Phillips of his right to a jury trial nor constituted a structural defect in the framework of the trial. That is because the jury was instructed with a proper definition of reasonable doubt through argument of counsel and other instructions relating to reasonable doubt. We should, therefore, decide this case using as our standard of review whether the error was harmless beyond a reasonable doubt. (*People* v. *Vann, supra,* 12 Cal.3d 220.)

In our view, the trial court's error suffered no less a constitutional defect than did the trial court in *Sullivan.* The reversal per se rule of *Sullivan* does

not allow for exceptions where counsel refer to the reasonable doubt instruction in argument. The structural infirmity present in *Sullivan* is present here as well.

The attorneys' references to the requirement of proof beyond a reasonable doubt fell "short of apprising the jurors that defendants were entitled to acquittal unless each element of the crimes charged was proved to the jurors' satisfaction beyond a reasonable doubt buttressed by additional instructions on the meaning of that phrase." (*People* v. *Vann, supra,* 12 Cal.3d at p. 227.)

Although, both counsel purported to define reasonable doubt during closing argument, their disagreement concerning the definition was more apt to confuse than to enlighten the jurors. They told the jurors they would hear the definition of reasonable doubt from the trial judge. The jurors listened in vain.

The trial judge gave no such instruction but admonished the jury to reject arguments of counsel if they conflicted with the court's instructions. The jurors received no instruction from the court and the attorneys disagreed over the precise definition of reasonable doubt. The jurors were bound to be confused as to the exact meaning of the phrase, and whether to even apply reasonable doubt as the People's burden of proof.

The judgment is reversed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 3, 1998.