# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998

FILED

March 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
     Appellee              )
                             )
vs.                          )
                             )
WILLIE TAYLOR,               )
                             )
     Appellant             )

No. 02C01-9702-CR-00080

SHELBY COUNTY

Hon. JAMES C. BEASLEY, JR., Judge

(Aggravated Burglary)

For the Appellant:

**Brett B. Stein**
Attorney at Law
100 N. Main #3102
Memphis, TN  38103

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Sarah M. Branch**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Perry Hayes**
Asst. District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Willie Taylor, was convicted by a Shelby County jury of aggravated burglary and received a sentence of five years.[1]  In this appeal, as of right, he presents the following issues for our review:

 (1)    Whether the evidence is sufficient to support the conviction; and

(2)    Whether the reasonable doubt jury instruction, which included the language "absolute certainty of guilt is not demanded by the law to convict," created a lesser standard of proof for conviction than is constitutionally permissible.

After review, we affirm.

**BACKGROUND**

On March 10, 1995, at around 1:15 a.m., Kimberly Pointer returned to her Memphis apartment and found it being burglarized.  Ms. Pointer immediately recognized one of the two burglars, Lafrancine Wright, because they had grown up in the same neighborhood and were life-long acquaintances.  The second burglar was later identified as the appellant.  Ms. Pointer watched as the appellant and Wright carried her VCR from her apartment and drove away.  The police were notified and arrived at the scene approximately fifteen minutes later.  Ms. Pointer related to the police that she recognized one of the burglars and that this person lived "right up the street."  Ms. Pointer was requested to accompany the police to Wright's residence, where she identified Wright as one of the intruders.  Ms. Pointer identified the second burglar as the appellant, who, at the time, was next door to Wright's residence.  At this time, the appellant and Wright were taken into custody.

---

[1]The appellant received a split confinement sentence of five years in the "local workhouse" of which one year was to be served in the Shelby County Correction Facility followed by four years in Community Corrections.

2

The police and Ms. Pointer returned to Ms. Pointer's apartment approximately thirty minutes later, or around 2:00 a.m., and discovered that her stolen VCR had been returned and placed on her back porch steps. It was determined that entry into the victim's apartment had been gained by breaking a rear window. Again, at trial, Ms. Pointer identified the appellant and Wright as the two individuals who she saw in her apartment and the two who left with her VCR and drove away. The defense offered no proof. Based upon these facts, the jury convicted the appellant of aggravated burglary.

## ANALYSIS

In the appellant's first issue, he contends that the evidence is insufficient as a matter of law to support his conviction for aggravated burglary. When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilt, unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In other words, this court will not reevaluate or reweigh the evidence brought out at trial. It is presumed that the judge or jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W. 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Specifically, the appellant argues that, due to the time frame presented in this case, i.e. the time from the arrival of the police at the victim's apartment until his arrest, it would have been impossible for the appellant to have returned the VCR. This argument is flawed for two reasons. First, the time frame of approximately

3

thirty minutes (from 1:30 a.m. until approximately 2:00 a.m.) does not exclude the appellant as the person who returned the VCR. Second, it was unnecessary for the jury to conclude that the person who returned the VCR was the thief. In order to prove aggravated burglary, as charged in the indictment in this case, the State was required to prove that the appellant entered Ms. Pointer's apartment, without her consent and with the intent to commit a theft. Tenn. Code Ann. § 39-14-403. The proof overwhelmingly established that the appellant entered the victim's residence without her permission and unlawfully removed her VCR. This issue is without merit.

Next, the appellant argues that the reasonable doubt instruction provided by the trial court is constitutionally invalid. In support of this argument, he relies upon the U.S. Supreme Court's decision in Cage v. Louisiana, 498 U.S. 39, 41, 111 S.Ct. 328 (1990). Specifically, the appellant argues that the language "absolute certainty of guilt" suggests "a higher degree of doubt than is required for aquittal under the reasonable doubt standard." Virtually identical language regarding "absolute certainty" in a reasonable doubt instruction was recently approved as passing constitutional muster by a panel of this court. See State v. Henning, No. 02C01-9703-CC-00126 (Tenn. Crim. App. at Jackson, Oct. 24, 1997) (citations omitted); see T.P.I. Crim. 2.03(a) (4th ed.). We find no reasonable likelihood that the jury understood the instruction to permit conviction after anything but a process of careful deliberation or upon less than proof beyond a reasonable doubt. This issue is without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

4

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, Judge