IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30961
Summary Calendar

_____

KENNETH VINCENT,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-764-B
- - - - - - - - - -
September 14, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

    Kenneth Vincent, Louisiana prisoner # 95434, appeals from the denial of his application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. He has filed a motion for panel review of the one-judge order granting his certificate of appealability ("COA") in part and denying his COA in part. Because he failed to file his motion within 14 days after entry of the challenged order, his motion is DENIED as untimely. See FED. R. APP. P. 27(c); 5TH CIR. R. 27.2.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vincent argues that the prosecution's failure to disclose favorable evidence to him violated his constitutional rights as set forth in Brady v. Maryland, 373 U.S. 83, 86-87 (1963). This issue was adjudicated on the merits in state court. Accordingly, habeas corpus relief is only available regarding this issue if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). After consideration of Vincent's Brady claim, we have determined that he has failed to meet this standard. The district court's denial of the instant claim was therefore not error.

Vincent also contends that he was denied due process because the jury was given a reasonable-doubt instruction that was constitutionally impermissible under Cage v. Louisiana, 498 U.S. 39, 41 (1990). The instant Cage issue was not adjudicated on the merits in state court, and is therefore reviewed de novo. See Nobles v. Johnson, 127 F.3d 409, 416 (5th Cir. 1997). Vincent procedurally defaulted the instant issue by failing to object contemporaneously to the challenged instruction. See Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir. 1999)(Louisiana's application of the contemporaneous-objection rule to Cage claims is adequate constitutionally to establish procedural default). We may nonetheless review the merits of Vincent's Cage claim because he has overcome the procedural bar by showing cause and

prejudice for failing to object contemporaneously.  See Fairman
v. Anderson, 188 F.3d 635, 641 (5th Cir. 1999)(applicant may
overcome procedural bar by showing cause and prejudice for the
procedural default).

The reasonable-doubt instruction given to the jury at
Vincent's criminal trial was essentially identical to the
reasonable-doubt instruction held unconstitutional in Humphrey v.
Cain, 138 F.3d 552, 553 (5th Cir.)(en banc), cert. denied, 523
U.S. 935, 943 (1998).  The challenged instruction was therefore
constitutionally impermissible under Cage.  See 498 U.S. at 40-
41.

Accordingly, the district court's denial of the instant
§ 2254 application as to the Cage claim is REVERSED and the case
is REMANDED to district court with instructions to grant the writ
of habeas corpus unless the State of Louisiana retries Vincent
within a reasonable time.

MOTION DENIED; REVERSED AND REMANDED.