Randy Clayton NELSON,
Petitioner–Appellant,

v.

Robert BAYER, Respondent–Appellee.

No. 05–15227.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed May 21, 2007.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, Dennis C. Wilson, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Randall Nelson ("Nelson") appeals the district court's denial of his habeas petition. We affirm.

Nelson contends that he received ineffective assistance of counsel at trial because his attorney failed to object to numerous instances of alleged prosecutorial misconduct during the state's closing argument. The Nevada Supreme Court found that no prosecutorial misconduct occurred, and, hence, there was nothing to which to object. With respect to most of Nelson's arguments, we find that this conclusion was not objectively unreasonable.

■ Although Nelson contends the prosecutor made improper arguments to inflame the passions and prejudices of the jury, the prosecutor was either summarizing testimony that had previously been admitted into evidence, or properly questioning the credibility of defense witnesses for failure to recall details noted by other witnesses. The prosecutor's remarks, therefore, were not "wholly irrelevant to any facts or issues in the case," *Viereck v. United States,* 318 U.S. 236, 247, 63 S.Ct. 561, 87 L.Ed. 734 (1943), and not improper under clearly established Supreme Court precedent.

■ Likewise, the prosecutor's exhortations to the jury to hold Nelson responsible for his actions, when taken in context, were not general pleas for societal justice, but comments connected to the evidence in the case. They did not rise to the level of the remarks considered in *United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), and given that the "line separating acceptable from improper advocacy is not easily drawn," *id.* at 7, 105 S.Ct. 1038, the Nevada court was not objectively unreasonable in determining that the prosecutor's actions fell on the acceptable side of the line.

■ Nelson also objects to numerous statements by the prosecutor in which she used the personal pronoun "I." However, taken in context, the statements are less an expression of subjective impressions, and more an entreaty to the jury to apply common sense and doubt the veracity of defendant's story. Moreover, even if the statements were improper, at the evidentiary hearing in district court, Nelson's attorney advanced a reasonable strategical justification for failing to object. He testified that he believed objecting would only have the undesired effect of emphasizing the point in the jury's mind, and that he would therefore only object to completely egregious statements by the prosecutor, preferring to instead respond to the points

---

* The Honorable Eugene E. Siler, Jr., Senior United States for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

in his closing. *See United States v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir.1993).

 Nelson further argues that the prosecutor improperly disparaged defense counsel and defense witnesses, while vouching for the testimony of government witnesses. The defense counsel, however, was raising legitimate questions about the credibility of defense witnesses because of their late entrance into the case; there was nothing improper about this argument. The prosecutor, however, may have crossed the line by vouching for the credibility of the government witnesses. *See Young,* 470 U.S. at 18, 105 S.Ct. 1038. But even assuming these statements constituted clear misconduct, Nelson cannot overcome the presumption that his attorney's actions (or inactions) were based on reasonable trial strategy, as discussed above. *See Edwards v. Lamarque,* 475 F.3d 1121, 1126 (9th Cir.2007) (en banc).

Finally, Nelson argues that his attorney erred by failing to object to the prosecutor's explanation of reasonable doubt. Although the prosecutor's description could be characterized as erroneous under *Cage v. Louisiana,* 498 U.S. 39, 40, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), *Cage* had not been decided at the time of Nelson's trial, and, thus, his attorney did not fall below an objective standard of reasonableness by failing to object. Furthermore, Nelson cannot demonstrate prejudice from the failure to object. He does not argue that the actual reasonable doubt instruction given by the judge was improper, and misstatements of the law by prosecutors in closing "are not to be judged as having the same force as an instruction from the court." *Boyde v. California,* 494 U.S. 370, 384–85, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990).

For the foregoing reasons, it was not objectively unreasonable for the Nevada Supreme Court to deny Nelson's claim of ineffective assistance of counsel. We **AFFIRM** the district court's denial of habeas relief.