FILED
United States Court of Appeals
Tenth Circuit

January 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERTO LOPEZ, a/k/a Uncle,

Defendant-Appellant.

No. 10-1039
(D.C. No. 1:07-CR-00188-WDM-11)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

Defendant Roberto Lopez appeals his convictions for multiple drug

offenses. He argues that the following errors entitle him to a new trial: (1) one

of the pretrial jury instructions regarding the burden of proof contained a

typographical error stating "the government must prove the defendant's guilty

[sic] beyond a reasonable double [sic]," R. Vol. 1 at 1236; and (2) in addition to

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his name, the caption of the indictment identified him by the alias "Uncle." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The indictment against Mr. Lopez was in four counts. He was tried with co-defendant Oscar Garcia-Ruiz. Following a five-day trial, the jury returned guilty verdicts against Mr. Lopez on three counts and acquitted him of the remaining charge. After he was sentenced, he filed a notice of appeal.

Prior to trial, the district court held a conference during which it reviewed the instructions it planned to read and give to the jury at the beginning of the trial. Instruction No. 1 explained that Mr. Lopez and his co-defendant had been charged by an indictment, and outlined the charges against them. Instruction No. 2 stated that "[a]n indictment . . . is not evidence of any kind against the defendant. . . . Even though this indictment has been returned against the defendants, the defendants begin this trial with absolutely no evidence against them." R. Vol. 1 at 1229. Also included in the proposed pretrial instructions was Instruction No. 7, which informed the jury, among other things, that "the government must prove the defendant's guilty [sic] beyond a reasonable double [sic]." *Id.* at 1236. Several other instructions describing the burden of proof did not contain the typographical error. *Id*. at 1230, 1231. When asked whether there were any objections, Mr. Lopez's lawyer answered: "Not for Mr. Lopez, Your Honor." *Id*. Vol. 3 at 714.

At the commencement of the trial, the district court told the jury "I'm going to go through some instructions with you." *Id*. at 64. "These are printed copies of what I'll be reading, by and large, and you're welcome to keep these and refer to them as you may see fit during the proceeding." *Id*. The court read out loud the pretrial instructions agreed to by the parties. When reading Instruction No. 7, which contained the typographical error, the court read "guilty" as "guilt," and "double" as "doubt." *Id*. at 75. At the conclusion of the trial before the jury retired to begin its deliberations, the court again instructed the jury. On nine occasions, the court read to the jury that the government's burden was to prove Mr. Lopez's guilt beyond a reasonable doubt. *Id*. at 679-683, 687.

Mr. Lopez contends that the typographical error in pretrial Instruction No. 7, is a structural error that requires us to reverse his convictions.[1] We disagree.

Structural errors "affect the entire conduct of the trial from beginning to end and deprive the defendant of basic protections, without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *United States v. Pearson*, 203 F.3d 1243, 1260 (10th Cir. 2000) (internal quotation marks and alterations omitted). "Supreme Court decisions have found structural error only in a very limited class of cases, including, those

_____

[1] In light of the fact that Mr. Lopez did not object to the instruction, we would normally review his allegation for plain error. *See United States v. Cotton*, 535 U.S. 625, 631 (2002) (holding where there is no objection in the district court, an appellate court will review only for plain error). However, Mr. Lopez hinges his argument solely on structural error.

involving . . . a [constitutionally] defective reasonable doubt instruction[.]" *Id*. at 1260-61 (citations and internal quotation marks omitted).

In *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993), the Court reversed the defendant's conviction because the reasonable doubt instruction given to the jury equated reasonable doubt with "grave uncertainty" and "actual substantial doubt," nearly identical to the instruction found unconstitutional in *Cage v. Louisiana*, 498 U.S. 39, 41 (1990) (per curiam), *overruled in part on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991). In *Cage*, the Court explained that "the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. 498 U.S. at 41. In *Sullivan*, the Court cited the instructions as examples of where the jury was inadequately informed of the meaning of reasonable doubt (a higher degree of doubt), which perforce resulted in verdicts that fell short of the constitutional requirement of findings of guilt beyond a reasonable doubt. But the reasonable doubt instruction given to the jury in Mr. Lopez's case does not suffer from any defects, constitutional or otherwise. Instead, it states:

> Reasonable doubt is doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to act upon it in the most important of his or her own affairs.

R. Vol. 3 at 680-81. As such, there was no structural error.

Mr. Lopez also argues for a new trial because the caption of the indictment referred to him as "ROBERTO LOPEZ, a/k/a 'Uncle.'" R. Vol. 1 at 508. According to Mr. Lopez, the use of the alias "Uncle" was "highly prejudicial, . . . completely unsupported by the facts, [and constituted] plain [error]. Aplt. Opening Br. at 10. Again, we disagree.

First, there is no evidence that the jury saw the indictment. Instead, Mr. Lopez hangs his argument on the slender thread of pretrial Instruction No. 2, which states:

> An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though *this* indictment has been returned against the defendants, the defendants begin this trial with absolutely no evidence against them.

R. Vol. 1 at 1229 (emphasis added). However, Mr. Lopez cannot point to any place in the record demonstrating that the jury was in fact provided with a copy of the indictment, and none of the verdict forms or other materials that were provided to the jury contain anything other than the name "Roberto Lopez." Assuming for argument that the jury was given a copy of the indictment, there was no objection from Mr. Lopez's lawyer to giving them a copy, much less any objection to the use of the alias, "Uncle." Because Mr. Lopez did not object in the district court, we review the alleged mistake for plain error. *United States v. Cotton*, 535 U.S. 625, 631 (2002).

Under plain-error review, there must be an "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, citations, and alterations omitted). We assume for the sake of argument, the existence of a plain error that affected Mr. Lopez's substantial rights. But reviewing the mistake in the context of the trial and the other jury instructions, which informed the jury that the indictment "is not evidence of any kind against the defendant," R. Vol. 1 at 1299, we conclude that the alleged error did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings," *Cotton*, 535 U.S. at 631.

Mr. Lopez's convictions are AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge