FILED
United States Court of Appeals
Tenth Circuit

December 19, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO LOPEZ,

Defendant - Appellant.

No. 12-1461
(D.C. Nos. 1:11-CV-02413-MSK and
1:07-CR-00188-MSK-11)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on Roberto Lopez's pro se request for a

certificate of appealability ("COA").  Lopez seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion.  28 U.S.C. § 2253(c)(1)(B).

Because Lopez has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

Following a jury trial, Lopez was convicted of multiple counts of

trafficking cocaine.  *United States v. Lopez*, 408 F. App'x 159, 159-60 (10th Cir.

2011).  This court affirmed Lopez's convictions on appeal.  *Id.* at 162.  Lopez

thereafter filed the instant § 2255 motion asserting his trial counsel, Gary Hill, was ineffective due to Hill's failure to convey to Lopez a favorable plea offer. The district court appointed counsel to represent Lopez and held an evidentiary hearing. Lopez testified at the hearing that he went to trial believing the government had never made him a plea offer. Hill testified he had conveyed the plea offer to Lopez. According to Hill, however, Lopez had consistently refused to consider the plea and had, instead, vigorously asserted his innocence. Robert Burns, Hill's paralegal, corroborated Hill's testimony. Ultimately, the district court had to make a credibility determination in choosing between this conflicting testimony. Based on inconsistencies in Lopez's testimony, and its entirely self-serving nature, the district court chose to credit Hill's and Burns's testimony. Having concluded Hill did convey the plea agreement to Lopez, the district court concluded Lopez's claim of ineffective assistance necessarily failed.

The granting of a COA is a jurisdictional prerequisite to Lopez's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Lopez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating

-2-

whether Lopez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Lopez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Lopez's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Lopez is not entitled to a COA. Lopez does not come close to demonstrating the district court clearly erred in crediting the testimony of Hill and Burns. Thus, because Hill did, in fact, discuss the government's plea offer with Lopez prior to trial, Lopez's claim of ineffective assistance necessarily fails. The district court's resolution of Lopez's § 2255 motion is not reasonably subject to debate and the issue he seeks to raise on appeal is not adequate to deserve further proceedings. Accordingly, this court **DENIES** Lopez's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge