CLD-141                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4640
_____

FABIAN AGUILAR-MARTINEZ,
                                                                Appellant

v.

DONNA ZICKEFOOSE, WARDEN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-07167)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  RENDELL, HARDIMAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed:  April 4, 2012)
_____

OPINION
_____

PER CURIAM

       In 2005, the United States District Court for the District of Nebraska sentenced

Fabian Aguilar-Martinez to 322 months in prison for conspiring to distribute and

possession with intent to distribute 500 grams or more of methamphetamine and use or

possession of a firearm in furtherance of a drug trafficking offense in violation of 18

U.S.C. § 924(c). The Eighth Circuit Court of Appeals affirmed the judgment, and the United States Supreme Court denied *certiorari*.

In 2007, Aguilar-Martinez filed a motion pursuant to 28 U.S.C. § 2255, which the sentencing court denied as untimely. The Eighth Circuit denied Aguilar's subsequent motion for a certificate of appealability. Also, in 2009, Aguilar-Martinez filed a motion that he described as a motion for restructuring his term of imprisonment, which the sentencing court denied an unauthorized second or successive § 2255 motion.

In the District Court, in 2011, Aguilar-Martinez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He raised four claims, which the District Court listed verbatim on page three of its memorandum, and which we will summarize as follows: (1) the Government failed to establish that he violated § 924(c); (2) the trial court erred in charging the jury; (3) the trial court improperly defined reasonable doubt; and (4) counsel rendered ineffective assistance by failing to argue on appeal that the Government did not establish a § 924(c) violation. The District Court dismissed the petition for lack of jurisdiction, noting that it could entertain the petition only if § 2255 were an inadequate and ineffective remedy, and concluding that § 2255 was not inadequate or ineffective.

Aguilar-Martinez filed a notice of appeal. However, he did not submit the filing and docketing fees or a motion to proceed *in forma pauperis* ("*ifp*"). As a consequence, on January 24, 2012, his case was dismissed for failure to timely prosecute. In a letter dated January 29, 2012, and received by this Court on February 3, 2012, he moves to

2

reopen his case. He asserts that he expected to receive the form for filing an *ifp* motion and another related form, as he had received in the past, but they had not arrived. He also claims that he filed an *ifp* motion in the District Court with his notice of appeal.[1] With his motion to reopen, Aguilar-Martinez submits a motion to proceed *ifp*.

We will grant Aguilar-Martinez's timely filed motion to reopen. L.A.R. Misc. 107.2(a). We also grant his motion to proceed *in forma pauperis*. Upon consideration of the merits of this appeal, we will summarily affirm the judgment of the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

The District Court was without jurisdiction to consider Aguilar-Martinez's claims under 28 U.S.C. § 2241. As the District Court concluded, Aguilar-Martinez cannot bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255 ¶ 5.

Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, § 2255 is not inadequate or ineffective just because a movant, like Aguilar-Martinez, who has previously filed a § 2555 motion and has been unsuccessful in an attempt to again present claims to the sentencing court, is unable to meet its stringent gatekeeping requirements. See id.

---

[1] This assertion is not supported by an entry on the District Court docket, which notes that no filing fee or *ifp* application was submitted.

Although Aguilar-Martinez argued to the contrary in the District Court, he did not make a claim that fits under the In re Dorsainvil exception. He did not contend that, as a result of a Supreme Court decision issued after he filed his first § 2255 motion, the conduct for which he was convicted is now non-criminal. In fact, the cases he relied on to support his claims, like Bailey v. United States, 516 U.S. 137 (1995), Sullivan v. Louisiana, 508 U.S. 275 (1993), and Cage v. Louisiana, 498 U.S. 39 (1990), predate his § 2255 motion and his conviction.

In short, Aguilar-Martinez presented claims for which § 2255 is not an inadequate or ineffective remedy. The District Court properly dismissed his § 2241 petition. Accordingly, having granted Aguilar-Martinez's motion to reopen this proceeding, we will affirm the District Court's decision.